**Allen Lee HALL, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 84–690.

Supreme Court of Iowa.

Jan. 16, 1985.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Charles G. Neighbor, Co. Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

CARTER, Justice.

Postconviction applicant, Allen Lee Hall, appeals from a denial of postconviction relief from his 1972 conviction of first-degree murder and resulting life sentence. On this appeal, the applicant (hereinafter Hall)

contends that he was denied effective assistance of counsel in a previous postconviction proceeding, was denied effective assistance of counsel at his trial and upon the direct appeal of his conviction, and that his conviction is tainted by constitutional error as a result of the failure of the court at his trial to instruct the jury that involuntary drug intoxication could be a complete defense to murder in the first degree. The district court considered these issues and denied Hall's application. We affirm the judgment of the district court.

Hall was convicted of first-degree murder in June of 1972 in connection with the shooting of Gilford Meacham. His conviction was affirmed on direct appeal. *State v. Hall,* 214 N.W.2d 205 (Iowa 1974). The general factual background of the case is set forth in our decision on his direct appeal and will not be repeated here. In *Hall v. State,* 246 N.W.2d 276 (Iowa 1976), we directed that counsel be appointed for purposes of aiding Hall in preparation of an application for postconviction relief. Such an application was prepared and filed but was dismissed by calendar entry without evidentiary hearing.

Hall next sought federal habeas corpus relief wherein it was determined by the Court of Appeals for the Eighth Circuit that he had not exhausted state remedies. *Hall v. Brewer,* 656 F.2d 364, 365 (8th Cir.1981). As part of the record in the federal habeas corpus proceeding, the State conceded that an appeal to this court from the calendar entry denial of Hall's application for postconviction relief would probably have been successful on the ground that he was entitled to an evidentiary hearing.

■ To the extent that the failure of Hall's postconviction counsel to seek such relief by appealing the calendar entry dismissal is made an issue in the present proceeding, it affords Hall no basis for relief. The district court in acting on the present application treated it as if it were Hall's initial application for postconviction relief and granted a full evidentiary hearing. We find that this cured any claim of prejudice which may have resulted from the previous calendar entry dismissal. Accordingly, the only issues we must consider on this appeal are to the claim that due process was denied by instructions which were given to the jury at Hall's trial and the claimed ineffective assistance of counsel at Hall's trial and on direct appeal. We consider these issues in inverse order.

I. *Sixth Amendment Ineffective Assistance of Counsel Claim.*

In the present postconviction proceeding, an expert witness testified that a serious question was presented concerning the voluntariness of three sets of statements which were given by Hall to law enforcement officers some of which were offered as evidence against him at his trial. This witness also indicated that a serious question existed with respect to the adequacy of the *Miranda* warnings which were given in connection with these statements. In conclusion, Hall's expert testified that a reasonably competent attorney would have challenged each set of statements both at trial and on appeal.

■ In reviewing claims of ineffective assistance of counsel, we make an independent evaluation of the totality of the relevant circumstances. *Taylor v. State,* 352 N.W.2d 683, 684 (Iowa 1984); *State v. Wilkens,* 346 N.W.2d 16, 18 (Iowa 1984). A party claiming ineffective assistance of counsel in violation of sixth amendment rights must show that (1) counsel failed to perform an essential duty and (2) prejudice resulted from the omission. *State v. Miles,* 344 N.W.2d 231, 234 (Iowa 1984); *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981). When such claims are asserted in postconviction proceedings, the applicant bears the burden of proving both of these elements by a preponderance of the evidence. *Sallis v. Rhoads,* 325 N.W.2d 121, 122 (Iowa 1982). In evaluating ineffective assistance claims, it is axiomatic that the fact that the defense was not successful does not mean that counsel was ineffective. *State v. Newman,* 326 N.W.2d 788, 795 (Iowa 1982). We apply the foregoing principles in our consideration of Hall's present claims.

A. *Claimed Ineffectiveness of Trial Counsel.* The district court disposed of the claim for relief based on alleged ineffective assistance of counsel at Hall's original trial by finding that Hall has failed to demonstrate that he would have been successful on the issues not pursued by trial counsel which form the basis of such claim. The issues allegedly not pursued or ineffectively pursued relate to three sets of statements made by Hall to law enforcement officials. These statements are (1) statements made in the sheriff's office in Tonopah, Nevada; (2) statements made to officers while Hall was being transported from Nevada to Iowa; and (3) a court reported statement made by Hall after his return to Iowa. Only the second and third statements were used in evidence at Hall's trial.

■ The district court found with respect to each set of statements that they were voluntary and not obtained in violation of Hall's *Miranda* or fifth amendment rights. We approve these findings and conclusions of the district court with respect to all three statements, both as to the law and the facts. Because the issues not pursued or claimed to have been inadequately pursued were, in any event, not susceptible of a favorable adjudication towards Hall, there was clearly no prejudice to him from his counsel's actions on these issues.

■ In addition to the apparent lack of merit with respect to those claims not pursued by Hall's trial counsel, we find that the record clearly demonstrates that counsel in developing the primary theory of defense elected to pursue a course of action toward which the admissibility of the challenged statements was not antagonistic. When the challenged statements which were admitted at trial are compared to Hall's trial testimony, they serve to corroborate his primary theory of defense based on drug intoxication and are in no way antagonistic to that defense. Indeed, Hall's trial counsel testified at the postconviction hearing that if the State had not used the statements in question he would have attempted to offer them himself to rebut any claim by the State that Hall's trial testimony was recently fabricated.

In *Schrier v. State,* 347 N.W.2d 657, 663 (Iowa 1984), and *State v. Blackford,* 335 N.W.2d 173, 178 (Iowa 1983), we recognized that counsel's trial performance must be judged by his primary theory of defense. We further concluded in those cases and in *State v. Mulder,* 313 N.W.2d 885, 891 (Iowa 1981) that selection of a primary theory of defense is a tactical matter which we will not disturb if it appears to have been a conscientious, principled decision within the normal range of competency. While, in the present case, Hall's defense of drug intoxication did not succeed, we cannot say that counsel rendered ineffective assistance in his determination that this was the best avenue of defense available to his client under the circumstances.

■ B. *Claimed Ineffectiveness of Appellate Counsel.* Our finding that the failure of Hall's trial counsel to pursue certain evidentiary issues was not ineffective assistance of counsel because it represented a reasonable choice of trial tactics and, in any event, the issues not pursued were lacking in merit, removes any basis for favorable consideration of Hall's additional claim that these issues should have been pursued by counsel on his direct appeal.

II. *Claim of Constitutional Error in Jury Instructions at Hall's Murder Trial.*

■ Finally, we consider Hall's claim that there was constitutional error at his murder trial as a result of the court's failure to instruct the jury that involuntary drug intoxication would be a complete defense to the charge. We find that this claim affords Hall no basis for relief for two reasons. First, section 663A.8 provides that "[a]ny ground finally adjudicated ... in the proceeding that resulted in the conviction or sentence ... may not be the basis for a subsequent application [for postconviction relief]." In *Jones v. Scurr,* 316 N.W.2d 905, 906, 910–11 (Iowa 1982), we recognized that ultimate issues of law or fact previously adjudicated should not

be reexamined in light of section 663A.8. Second, separate and apart from the ultimate legal issue surrounding the claimed instructional error, the factual basis upon which it is predicated, *i.e.*, that the intoxication was involuntary, was found to be without evidentiary support at the original trial. No evidence was offered at the postconviction hearing which would serve to contradict that finding. We have considered all issues presented on this appeal and conclude that the trial court correctly denied the application for postconviction relief.

AFFIRMED.