**Michael P. GAVIN,
Applicant–Appellant,**

v.

**STATE of Iowa, Respondent–Appellee.**

No. 86–1529.

Court of Appeals of Iowa.

April 20, 1988.

John O. Moeller, Davenport, for applicant-appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and Realff Ottesen, Asst. Co. Atty., for respondent-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

A trial information was filed on February 26, 1981, in the Scott County District Court, charging the defendant and four others with several crimes including murder in the first degree, kidnapping in the first degree, and theft in the second degree. The defendant was convicted after his first jury trial on all of those charges.

On appeal of his conviction, the Supreme Court of Iowa held that the trial court committed reversible error in allowing impeachment of the defendant based upon a prior escape charge. *State v. Gavin*, 328 N.W.2d 501, 503 (Iowa 1983). The Iowa Supreme Court then remanded the case to the trial court.

Following the remand to the district court, the defendant was again tried before a jury. The jury returned verdicts of guilty against the defendant for the crimes

of first-degree murder, second-degree kidnapping, and second-degree theft.

The defendant then appealed his conviction to the Iowa Supreme Court. The court affirmed the convictions, finding that the defendant's claim that he was denied his federal constitutional right to a trial by a fair and impartial jury was without merit. *State v. Gavin*, 360 N.W.2d 817 (Iowa 1985).

The defendant filed for postconviction relief which was denied. On appeal of this denial, the defendant contends (1) his trial counsel erroneously failed to object or offer an alternative to the felony murder instruction which was given to the jury at the second trial, and his appellate counsel in the second appeal failed to either raise or preserve these matters for postconviction, and (2) he was deprived of his constitutional right to a unanimous jury verdict, which claim previously was not raised by either trial or appellate counsel.

It is well established that postconviction proceedings are inappropriate for presentation of issues not properly preserved and raised in prior proceedings. *See* Iowa Code § 663A.8 (1987). As the court in *Washington v. Scurr*, noted:

> Postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. § 663A.2. Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously.

*Washington v. Scurr*, 304 N.W.2d 231, 234 (Iowa 1981); *see also Polly v. State*, 355 N.W.2d 849, 854–56 (Iowa 1984); *Wenman v. State*, 327 N.W.2d 216, 217–18 (Iowa 1982).

The only way that the defendant can obtain review of his claim is to prove by a preponderance of the evidence "sufficient reason" or cause for not having raised them in the trial court or on direct appeal. *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980). The defendant must also show by a preponderance of the evidence actual prejudice resulting from the alleged errors. *Polly v. State*, 355 N.W.2d at 856.

When a petitioner's claim of ineffective trial counsel is raised for the first time in a postconviction petition, he must demonstrate "sufficient reason" for failure to raise it on direct appeal. *Washington v. Scurr*, 304 N.W.2d at 235. The ineffective assistance of appellate counsel may provide the "sufficient reason" necessary to allow a petitioner to raise for the first time in postconviction the ineffective assistance of trial counsel. *State v. White*, 337 N.W.2d 517, 520 (Iowa 1983).

We are not completely satisfied that the defendant has demonstrated sufficient reason for his failure to earlier raise his claims. We note, however, that under both the waiver doctrine and the ineffective assistance of counsel claim, we have to determine if the defendant was prejudiced. For that reason, we will review defendant's claims.

## I.

The defendant complains about the instructions given to the jury on the issues of felony murder and aiding and abetting. More precisely, the issue is ineffective assistance of counsel concerning failure to object to the instructions. The trial court read the instructions complained of and found them to be correct statements of the law. The trial court further found that trial counsel and appellate counsel were not ineffective in this connection. Finally, the court found that there was no prejudice to the defendant. We find no error in the court's decision.

The petitioner, in order to prevail on a claim of ineffective assistance of counsel, must show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Hall v. State*, 360 N.W.2d 836, 838 (Iowa 1985); *White v. State*, 380 N.W.2d 1, 3 (Iowa App.1985). If, however, the petitioner makes an insufficient showing on either prong of the two-part test, we need not address both components. *Id.* In deciding the first prong, we require more than that the trial strategy backfired or that another

attorney would have prepared and tried the case somewhat differently. *Fryer v. State,* 325 N.W.2d 400, 413–15 (Iowa 1982). The petitioner must overcome a strong presumption of counsel's competency. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674, 793–94 (1984). An affirmative factual basis demonstrating the alleged inadequacy of representation needs to be set forth. *Hinkle v. State,* 290 N.W.2d at 30. Defendant is not entitled to perfect representation, only that which is in the normal range of competency. *State v. Halstead,* 362 N.W.2d 504, 508 (Iowa 1985). In evaluating ineffective assistance claims, it is axiomatic that the fact that the defense was not successful does not mean that counsel was ineffective. *Hall,* 360 N.W.2d at 838.

The United States Supreme Court set forth in *Strickland* the standard by which counsel's performance is to be judged. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Concerning counsel's method of investigation of a particular case, the *Strickland* court opined that:

> Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonably precise to the extent that reasonable professional judgments support the limitations on investigation.

*Id.* at 690–91, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. The court further reasoned that:

> In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

The *Strickland* court recognized that usually counsel's actions are based on strategic choices made by the defendant and on information supplied by the defendant. *Id.*

Specifically, the court pointed out that "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Id.*

Consistent with this view, the Iowa Supreme Court has recognized that the duty to investigate and prepare a defense is not limitless. *Schrier v. State,* 347 N.W.2d 657, 662 (Iowa 1984). "It does not require that counsel pursue 'every path until it bears fruit or until all conceivable hope withers.'" *Id.* (citing *United States v. Tucker,* 716 F.2d 576, 584 (9th Cir.1983)).

When deciding the second component of a claim of ineffective assistance, we have required the person making the claim to show that counsel's failure to perform an essential duty worked to the client's actual and substantial disadvantage, thereby constituting "a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice, or an equivalent constitutional deprivation." *State v. Miles,* 344 N.W.2d 231, 234 (Iowa 1984). The crux of the prejudice component rests on whether the defendant has shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2069, 80 L.Ed.2d at 698. The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. *Meier v. State,* 337 N.W.2d 204, 206 (Iowa 1983); *Henderson v. Scurr,* 313 N.W.2d 522, 524 (Iowa 1981).

Having reviewed the applicable law, we turn now to the facts to determine whether or not the defendant met those legal standards. At trial the jury was instructed in the first-degree murder marshalling instruction that petitioner could be convicted of murder under one of several alternative theories, which included felony-murder which requires the jury to find that the victim was killed with malice aforethought while petitioner was "participating in the forcible felony of robbery."

The defendant argues that his trial counsel should have requested the following jury instruction:

An instruction that for a felony-murder conviction the murder must in [sic] perpetration of a felony. It must result as an incident to the felony and be associated with the felony as one of its hazards. [citations]. Felony-murder must be based upon a causally [sic] related felony and acts causing death.

The defendant now claims that appellate counsel's failure to assert trial counsel's omission in this regard was ineffective assistance of counsel on appeal.

As we see it, Iowa law does not require the felony-murder instruction the defendant claims should have been given. The felony-murder instruction given as part of the marshalling instruction for first-degree murder, that the victim was killed with malice aforethought while defendant was participating in a forcible felony, is consistent with the applicable uniform jury instruction and the murder statute. Iowa Code § 707.2(2) (1987). There is no basis for the defendant's claim that failure to submit an alternative instruction was outside the normal range of competency. Thus, the trial counsel did not breach an essential duty. Therefore, no ineffective assistance of trial or appellate counsel is apparent here.

The defendant claims that the court was required to instruct the jury that under a felony-murder theory the State must prove a causal relationship between the robbery and the murder. The trial court, however, is not required to do that. *Conner v. State*, 362 N.W.2d 449, 453 (Iowa 1985). All that is required is that the murder and the accompanying felony be part of a continuous transaction or, in other words, that the murder be committed within the "res gestae" of the commission of the felony, without any causal or strict incidental relationship between those crimes. *Id.* at 453–54.

The jury was advised that it could convict petitioner of felony-murder if the murder was done while he was "participating in the forcible felony [of robbery],"

which obviously satisfied the above test. The evidence at trial demonstrated that the murder and robbery were part of a continuous transaction, or within the same "res gestae." Accordingly, the defendant could not show prejudice even if the jury instruction given here was deficient in some fashion. *See White v. State*, 380 N.W.2d 1, 5 (Iowa App.1985).

The defendant also complains of the lack of an objection at trial, or in his prior appeal, to that portion of the first-degree murder jury instruction which allowed the jury to find him guilty of felony-murder as an aider and abettor of the person who murdered the victim. The alternative theory of felony-murder that the defendant was the aider and abettor, and not the actual killer, was presented to the jury in the following language: "[t]hat [the killing of the victim] was done with malice aforethought by another while participating in the forcible felony robbery and that this defendant did aid and abet the other in participating in the forcible felony robbery."

Defendant complains that trial counsel's failure to object to this portion of the instruction allowed the jury to improperly convict him of felony-murder under a theory of aiding and abetting, without being required to find that the petitioner personally had the requisite malice aforethought to render the killing a murder in the commission of a felony. *See State v. Galloway*, 275 N.W.2d 736, 738 (Iowa 1979). He claims that the instruction established a conclusive presumption that petitioner had the requisite malice aforethought if he aided and abetted the robbery, and also improperly imputed to him the malice aforethought of the person who, under this alternative theory, actually killed the victim. The defendant's argument has previously been rejected by this court, and so, his prior attorneys were not incompetent for not raising this claim.

As observed in *State v. Oliver*, the element of malice aforethought for murder properly may be inferred from the acts constituting the accompanying forcible felony. *State v. Oliver*, 341 N.W.2d 744, 747

(Iowa 1983). In doing so, the court distinguished as inapplicable *People v. Aaron*, 409 Mich. 672, 299 N.W.2d 304 (1980), which the defendant cites here in support of his argument. *State v. Oliver*, 341 N.W.2d at 748. Furthermore, in *Conner v. State*, the court expressly rejected the argument that when a defendant is tried for a felony murder under a theory of aiding and abetting, the jury must be instructed that it must find he personally had malice aforethought. *Conner v. State*, 362 N.W.2d at 455. Rather, the court held it to be proper to instruct the jury that the defendant is guilty of a felony-murder if they find he aided and abetted another in the commission of a forcible felony and that the other person did, with malice aforethought, kill the victim. *Conner*, 362 N.W.2d at 454–56. There is no need to instruct the jury that, beyond these matters, it must find that the aider and abettor personally had the requisite malice aforethought for the crime of murder. *Conner*, 362 N.W.2d at 454–56.

Thus, defendant's prior attorneys cannot be faulted for not raising objections to the felony-murder instructions as given, for his claims have no legal merit. There was no ineffective assistance of counsel, for neither a breach of essential duty nor prejudice is apparent on this record.

## II.

■ The defendant contends that he was deprived of his constitutional right to a unanimous jury verdict because

[t]he imposition of criminal liability to an individual who only aids and abets in the underlying felony to guilt of first-degree murder is repugnant to a theory of liability for first-degree murder done with premeditation, deliberation and willfulness. The marshalling instruction allowed for a "patchwork" guilty verdict.

Defendant further argues that his trial and appellate counsel should have raised this contention in prior proceedings. We find that the defendant was not prejudiced by his counsel, either at the trial or appellate level, failing to raise this contention.

The rule in Iowa is that while the jury must be unanimous on whether a defendant committed a crime, when alternative modes or theories of commission of a particular crime are presented, the jury need not be unanimous on a particular means of commission of the crime if substantial evidence to support each alternative, and those alternative modes are not repugnant or inconsistent with other. *State v. Bratthauer*, 354 N.W.2d 774, 776 (Iowa 1984); *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981); *White v. State*, 380 N.W.2d 1, 4 (Iowa App.1985).

As previously noted, the jury was allowed to determine if petitioner was guilty of first-degree murder under the following theories: (1) that he personally, with malice aforethought, committed willful, premeditated and intentional murder; (2) that he knowingly aided and abetted another in commission of that type of murder; (3) that he, with malice aforethought, killed the victim while participating in the forcible felony of robbery; or (4) that he aided and abetted in participation in the forcible felony of robbery, and that the other, with malice aforethought, killed the victim while participating in the forcible felony.

Substantial evidence was submitted to support these alternative modes of murder, which were consistent, and not repugnant to each other. That evidence showed that the petitioner participated, with others, in assaulting the murder victim with knives and various blunt objects for the purpose of taking his money, and also in return for a fee from someone who desired the victim be killed. Items of the murder victim's property (check and checkbook) were later found in petitioner's possession. Thus, there was evidence not only to support an intentional murder, by petitioner's personal acts or those of others he assisted, but also to support a finding that the murder victim was killed by petitioner or others while all of them were participating in the forcible felony of robbery.

We also find that the alternative theories submitted to the jury were not repugnant or inconsistent with each other. The alternative theories submitted here were compli-

mentary theories of guilt. *State v. Wright*, 378 N.W.2d 727, 733–34 (Iowa App.1985); *Cf. State v. Bratthauer*, 354 N.W.2d 774 (Iowa 1984).

The defendant's claim regarding jury unanimity is rejected. He has suffered no prejudice as his prior attorneys were not ineffective for not asserting this claim.

AFFIRMED.