STATE of Iowa, Appellee,

v.

Daniel James SHARP, Appellant.

No. 96–2173.

Supreme Court of Iowa.

Dec. 24, 1997.

Richard E.H. Phelps II, Mingo, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Steve Johnson, County Attorney, and John C. Heinicke, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Daniel James Sharp, convicted of operating while intoxicated (OWI), first offense, appeals, challenging the court's order imposing a six-year revocation of his operator's license and impounding his motor vehicle. He also seeks to overturn the underlying OWI conviction based on a claim of ineffective assistance of counsel. We affirm the OWI conviction and the judgment on the license-revocation issue. We reverse the order impounding the motor vehicle.

## I. The Six–Year Revocation Issue.

On November 6, 1996, defendant pleaded guilty to OWI, first offense, in violation of Iowa Code section 321J.2 (1995). He was sentenced to thirty days in jail. In addition, his operating privileges were revoked for six years pursuant to Iowa Code section 321J.4(3)(a), and his motor vehicle was ordered to be impounded.

Prior to the 1996 offense that gave rise to the present appeal, defendant had been previously convicted for OWI on two occasions. Both of these occasions were more than six years prior to the 1996 violation. Relying on the provisions of section 321J.2(3), defendant asserts that the prior

convictions should not be counted in determining whether his license is subject to the six-year revocation imposed by Iowa Code section 321J.4(3)(a). The latter statute provides:

> Upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the court shall order the department to revoke the defendant's motor vehicle license or nonresident operating privilege for a period of six years.

Iowa Code § 321J.4(3)(a). Section 321J.2(3) provides:

> No conviction for, deferred judgment for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third, or subsequent offense.

Defendant's contention that section 321J.2(3) eliminates OWI convictions occurring more than six years prior to the date of his 1996 OWI violation from consideration in applying section 321J.4(3)(a) is contrary to our holding in *State v. Pettit*, 360 N.W.2d 833 (Iowa 1985). In that case, we interpreted the language "upon plea or verdict of guilty of a third or subsequent violation of this section," as contained in the statutory predecessor to section 321J.4(3)(a) (Iowa Code section 321.281(9)(a) (1983)) to refer to multiple OWI violations irrespective of the degree of those offenses.

We concluded in *Pettit* that the statutory predecessor to section 321J.2(3) (Iowa Code section 321.281(2) (1983)) concerning convictions more than six years old only applied for purposes of determining whether the violation of which a defendant has been convicted is an enhanced offense, *i.e.*, second, third, or subsequent offense OWI. *Pettit*, 360 N.W.2d at 835–36. We found that, in applying section 321.281(2), all prior OWI convictions were to be considered irrespective of when they occurred. *Id.* Although these sections have subsequently been renumbered and there have been minor wording changes not

affecting their substance, the principles considered in *Pettit* are equally applicable to the current statutory scheme. The district court did not err in imposing the six-year license revocation.

## II. The Legality of Impounding Defendant's Motor Vehicle.

■ On the issue involving the impoundment of defendant's motor vehicle the State confesses error. It suggests, and we agree, that the language of the applicable impoundment statute, Iowa Code section 321J.4B(1) (Supp.1995), only applies to persons who are convicted of "a second, third, or subsequent offense of operating while intoxicated."[1] That language is identical to the language used in section 321J.2(3) to describe the enhanced offenses of second, third, or subsequent OWI. When the same language is used in different Code sections that are similar in subject matter, that language is ordinarily given the same meaning throughout. *Farmers Coop. Co. v. DeCoster*, 528 N.W.2d 536, 538–39 (Iowa 1995); *Carson v. Roediger*, 513 N.W.2d 713, 716 (Iowa 1994); *Ida County Courier v. Attorney Gen.*, 316 N.W.2d 846, 850 (Iowa 1982). We thus interpret the language of section 321J.4B(1) as permitting vehicle impoundment only in instances in which a person is actually convicted of the enhanced offense of second, third, or subsequent OWI. It does not apply with respect to two or more convictions of OWI, first offense.

## III. Ineffective-Assistance-of-Counsel Claims.

■ In addition to the issues involving license revocation and vehicle impoundment, the defendant seeks to overturn his latest OWI conviction by asserting that his counsel's performance was lacking in several particulars, thus contravening his Sixth Amendment right to effective assistance of counsel. With respect to defendant's claims regarding counsel's performance in failing to investigate the officers' conduct in arresting him, and failing to seek suppression of blood-test

---

1. This statute provides:
   > If a person is convicted of a second, third, or subsequent offense of operating while intoxicated, the court shall order that any motor vehicles owned by the person and used to commit the offense ... be impounded or immobilized.

   Iowa Code § 321J.4B(1) (Supp.1995).

evidence, we conclude that any prejudice that might have occurred from such omissions did not survive the plea of guilty. *State v. Burt-low,* 210 N.W.2d 438, 439 (Iowa 1973); *State v. Culbert,* 188 N.W.2d 325, 326 (Iowa 1971).

Other ineffective-assistance-of-counsel claims advanced by defendant are matters that bear on the question of whether his guilty plea was intelligently and voluntarily entered. The record on this direct appeal is insufficient to adjudicate those contentions. They may be made the subject of a proper petition seeking postconviction relief.

We have considered all issues presented and conclude that defendant's conviction for OWI should be affirmed, the six-year revocation of his operator's license should be affirmed, and the order impounding his motor vehicle should be reversed. Costs of appeal are assessed two-thirds to appellant, one-third to appellee.

**AFFIRMED IN PART; REVERSED IN PART.**