**Richard Daniel WYCISKALLA, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR JOHNSON COUNTY, Defendant.**

No. 98–29.

Supreme Court of Iowa.

Dec. 23, 1998.

Dennis A. Bjorklund, Coralville, for plaintiff.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, J. Patrick White, County Attorney, and Kathryn E. Moreland, Assistant County Attorney, for defendant.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and CADY, JJ.

SNELL, Justice.

In this original certiorari proceeding Richard Wyciskalla, the defendant in the underlying criminal matter, challenges the legality of a district court order entered following his plea of guilty to the crime of operating while intoxicated (OWI), first offense. He contends the application of Iowa Code section 321J.4(4), which provides for a mandatory six-year driver's license revocation upon a third or subsequent lifetime OWI offense, to his case is illegal because his two earlier convictions occurred more than twelve years before his most recent offense. We find the district court improperly applied recent statutory amendments affecting this area of law and thus sustain the writ of certiorari. We remand to the district court for further proceedings consistent with this opinion.

I. Background Facts and Proceedings

Wyciskalla pled guilty to a charge of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 on November 6, 1997. Prior to the 1997 offense, however, Wyciskalla had been convicted of OWI on two prior occasions, in 1980 and 1981. The district court ordered the Department of Transportation to revoke Wyciskalla's driver's license for a period of six

years pursuant to Iowa Code section 321J.4(4) (providing for six-year revocation upon plea or verdict of guilty of a third or subsequent violation of section 321J.2).

Wyciskalla filed a petition for writ of certiorari challenging the legality of the district court's order, which we granted. Wyciskalla claims the district court erred in ordering the revocation of his license for six years in light of statutory amendments passed during the 1997 legislative session.

## II. Scope of Review

■ A certiorari action is a procedure utilized to test whether a lower board, tribunal, or court exceeded its proper jurisdiction or otherwise acted illegally. Iowa R. Civ. P. 306. We review the district court's action for correction of errors at law. Iowa R.App. P. 4; *State v. Iowa Dist. Ct.*, 419 N.W.2d 398, 399 (Iowa 1988). The writ will be sustained if we find the district court acted illegally, or without authority or jurisdiction.

## III. Preservation of Error

■ Wyciskalla did not file a timely motion in arrest of judgment. Therefore, the State claims he has not preserved error.

■ Nevertheless, void or illegal sentences are not subject to the usual rules of error preservation and waiver. Iowa R.Crim. P. 23(5)(a) ("court may correct an illegal sentence at any time"); *State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995) (void sentence not subject to waiver). A void or illegal sentence is one not authorized by statute. *Halliburton*, 539 N.W.2d at 343. Wyciskalla contends the revocation of his license for a period of six years is not authorized under the current statutory scheme. Therefore, Wyciskalla's failure to raise this issue previously does not prevent him from raising it in his certiorari petition.

## IV. The Merits

### A. Statutory Framework

Iowa Code section 321J.4(4), the provision pursuant to which the court ordered revocation of Wyciskalla's license, provides:

Upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the court shall order the department to revoke the defendant's motor vehicle license or nonresident operating privilege for a period of six years.

Wyciskalla contends that despite this language and his undisputed three lifetime violations of section 321J.2 or its statutory predecessors, a six-year license revocation should not have been imposed based on two Iowa Code sections which were amended during the 1997 legislative session and took effect prior to the commission of his most recent offense and the district court's order regarding revocation. *See* Iowa Code § 3.7(1) (unless otherwise provided, acts passed during the regular session of the general assembly take effect on the first day of July following their passage).

Prior to the 1997 legislative session, Iowa Code section 321J.2(3) provided as follows:

No conviction for, deferred judgment for, or plea of guilty to, a violation of this section which occurred more than six years prior to the date of the violation charged shall be considered in determining that the violation charged is a second, third, or subsequent offense.

*Id.* § 321J.2(3) (1997).

The 1997 general assembly amended that section and moved it to section 321J.2(4)(*a*), which now provides:

In determining if a violation charged is a second or subsequent offense for purposes of criminal sentencing *or license revocation* under this chapter:

*a.* Any conviction or revocation deleted from motor vehicle operating records pursuant to section 321.12 shall not be considered as a previous offense.

*Id.* § 321J.2(4)(*a*) (Supp.1997) (emphasis added).

Iowa Code section 321.12(4) currently provides:

The director shall not destroy any operating records pertaining to arrests or convictions for operating while intoxicated, in violation of section 321J.2 ..., except that a conviction or revocation under section 321J.2 shall be deleted from the operating

records twelve years after the date of conviction or the effective date of revocation. *Id.* § 321.12(4) (Supp.1997).

Wyciskalla contends the district court, when considering his prior offenses, erred in failing to construe section 321J.2(4)(*a*) to include the twelve-year limitation of section 321.12(4). Specifically, Wyciskalla posits that when these sections are read together, it is clear that only convictions which occurred less than twelve years prior to the current conviction may be considered in determining the proper length of revocation.

### B. Prior Case Law

We have previously considered the application of section 321J.2(3) (now section 321J.2(4)(*a*)) and rejected arguments by defendants that OWI convictions which occurred more than six years prior to a current conviction could not be counted when determining whether a violation is a "second, third or subsequent violation" pursuant to section 321J.4(3)(*a*) (now section 321J.4(4)). The issue now merits reconsideration, however, due to the change in statutory language.

We first considered this issue in *State v. Pettit,* 360 N.W.2d 833 (Iowa 1985). In *Pettit,* the defendant entered a guilty plea to his third lifetime offense of operating while intoxicated. The revocation provision in effect at that time was substantially similar to the current provision, and provided for a mandatory six-year revocation upon a third or subsequent violation. A statute in effect at that time also placed a time limit on the prior convictions which could be considered in determining whether a current offense was a defendant's second, third or subsequent violation. This statute provided that no conviction or plea of guilty to OWI which occurred more than six years prior to the current violation "shall be considered in determining that the violation charged is a second, third or subsequent offense." *Pettit,* 360 N.W.2d at 835 (quoting Iowa Code § 321.281(2) (1985)).

We concluded the six-year limitation should not be applied to the revocation provision because the six-year limitation statute was a sentencing provision, while the statute imposing the six-year revocation was a "li-

cense revocation provision" and the "purposes to be served are different." *Id.* We presented the following rationale for this conclusion:

> [The revocation provision] does not expressly provide for a six-year limitation, and we will not read one into it.... Had the legislature intended a six-year statute of limitation to be included in [the revocation provision], it could easily have done so.... We have no reason to conclude that the legislature intended the six-year limitation in the criminal section to be applied as a part of the revocation proceedings ... in view of the different policy considerations and the different purposes in the sections.

*Id.*

The court of appeals considered the same issue several years later in *State v. Socarras,* 425 N.W.2d 426 (Iowa App.1988). It noted that "[t]he date of the conviction is irrelevant; this is because the six-year limitation ... does not apply to [the revocation statute]." *Socarras,* 425 N.W.2d at 427. The court saw no need to change the analysis despite the fact that minor revisions had been made and the statute had been transferred to a different location within the Code. *Id.*

We most recently considered this issue in *State v. Sharp,* 572 N.W.2d 917 (Iowa 1997). We noted as follows:

> Defendant's contention that section 321J.2(3) [the six-year limitation provision] eliminates OWI convictions occurring more than six years prior to the date of his 1996 OWI violation from consideration in applying [the revocation provision] is contrary to our holding in *State v. Pettit....*
>
> We concluded in *Pettit* that the statutory predecessor to 321J.2(3) ... concerning convictions more than six years old only applied for purposes of determining whether the violation of which a defendant has been convicted is an enhanced offense, *i.e.,* second, third, or subsequent offense OWI. *Pettit,* 360 N.W.2d at 835–36. We found that, in applying [the six-year limitation provision to the revocation provision], all

prior OWI convictions were to be considered irrespective of when they occurred. *Sharp*, 572 N.W.2d at 918.

We again observed in *Sharp* that although renumbering of the statutes at issue and "minor wording changes not affecting ... substance" had been made, this did not warrant a change in their interpretation. *Id.*

C. Analysis

■ Wyciskalla contends that the changes made by the 1997 general assembly are substantive in nature and require that convictions greater than twelve years old not be considered when determining whether a six-year revocation is required. We agree.

■ "Statutory amendments may either clarify or modify existing legislation. We construe revisions to a statute as altering that statute if the intent to change the law is clear and unmistakable." *State v. Ahitow*, 544 N.W.2d 270, 273 (Iowa 1996). We presume any material change in the language of a statute alters the law. *Id.; accord State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 641 (Iowa 1996). The legislature's intent to expand the application of the limitation provision is clear based on our interpretations of the statute in its previous form and the addition of language which requires the sentencing court to not consider convictions greater than twelve years old "when determining if a violation charged is a second or subsequent offense for purposes of criminal sentencing *or license revocation.*" Iowa Code § 321J.2(4)(a) (Supp.1997) (emphasis added).

The changes made to section 321J.2(4) (formerly section 321J.2(3)) constitute more than renumbering or minor word changes not affecting substance. Prior to the 1997 changes, the limitation provision provided that offenses greater than six years old "shall [not] be considered in determining that the violation charged is a second, third, or subsequent offense." *Id.* § 321J.2(3) (1997). We held in *Pettit* and its progeny that this provision applied only to sentencing, not license revocation. The limitation provision now provides that offenses greater than twelve years old, as provided by section 321.12(4), shall not be considered "for purposes of crim-

inal sentencing *or license revocation* under this chapter." *Id.* § 321J.2(4) (Supp.1997) (emphasis added). The addition of language pertaining to license revocation indicates that the legislature intended the section to apply not only when determining whether the offense is a first, second or subsequent offense for sentencing purposes, but also when determining the length of license revocation required.

The State claims that because the legislature did not change the wording of the revocation provision found in section 321J.4(4) (previously section 321J.4(3)(a)), it intended for our previous construction of these statutes as set forth in *Sharp* and *Pettit* to apply. We find this argument to be inapposite, however, as the legislature *did* change the wording of section 321J.2(4), the operative statute at issue here.

■ We think the amendment to section 321J.2(4) changes the law and mandates that the sentencing court not consider offenses greater than twelve years old when determining the length of license revocation required. The construction urged by the State would require us to effectively ignore the words "or license revocation" in applying section 321J.2(4). We will not interpret a statute in a way that renders a portion of it irrelevant or redundant. *Ahitow*, 544 N.W.2d at 273.

Wyciskalla's prior violations both occurred more than twelve years prior to his 1997 violation. Therefore, the records of those violations should have been "deleted from the operating records twelve years after the date of conviction or the effective date of revocation." Iowa Code § 321.12(4) (Supp.1997). Those violations should not have been considered by the district court when determining whether Wyciskalla's current violation was a third or subsequent violation of section 321J.2 for purposes of both sentencing and license revocation. *Id.* § 321J.2(4) (Supp. 1997). Thus, the district court erred in ordering the revocation of Wyciskalla's driver's license for a period of six years pursuant to section 321J.4(4) and the writ of certiorari must be sustained. We remand this case to the district court for a redetermination of the proper revocation period pursuant to Iowa

Code section 321J.4 and the entry of an appropriate order directing the DOT to revoke Wyciskalla's license for that period of time.

**WRIT SUSTAINED.**