# IN THE SUPREME COURT OF IOWA

No. 06–1812

Filed June 26, 2009

**STATE OF IOWA,**

Appellee,

vs.

**NATHAN JOHN CARROLL,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Bobbi M. Alpers (guilty plea) and John A. Nahra (sentencing), Judges.

Nathan Carroll seeks further review of a court of appeals decision affirming his conviction following a guilty plea. Carroll asserts his conviction based on the guilty plea was the result of ineffective assistance of counsel and should be set aside. **DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Kent A. Simmons, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Amy DeVine, Assistant County Attorney, for appellee.

**HECHT**, **Justice**.

We granted further review of a decision of the court of appeals affirming Nathan Carroll's conviction and sentence for possession with intent to deliver marijuana. Carroll contends the conviction based upon his guilty plea should be set aside because the plea was a product of ineffective assistance of counsel. In particular, he contends his plea was neither voluntary nor intelligent because his attorney was ineffective in failing to file a motion to suppress evidence obtained as a result of a warrantless search, and in failing to give proper advice in advance of the plea. We conclude the record is inadequate to decide Carroll's ineffective-assistance-of-counsel claim. Accordingly, we affirm his conviction and sentence, and we preserve the claim for possible postconviction relief proceedings.

## I.    Factual and Procedural Background.

In February 2006 police officers responded to a report of a party with underage consumption of alcohol in LeClaire, Iowa. Upon arrival at the address to which they were dispatched without a search warrant, the officers found a dwelling, and behind it, a barn from which the sounds of the party were emanating. After following an unidentified male and female through a door into the barn, the officers observed several juveniles drinking alcohol. A preliminary breath test disclosed Carroll had consumed alcohol. He was cited, along with several other juveniles, for possession of alcohol under the legal age. During a search of the barn, the officers located a marijuana "blunt," a baggie filled with marijuana, and a brick of marijuana. The officers arrested Cory Wulf, the host of the party, for illegal possession of the marijuana.

The next morning Carroll appeared at the LeClaire Police Department. Carroll spoke with an officer who prepared a written report

stating Carroll claimed ownership of the drugs found the previous evening in the Wulf barn. Carroll was subsequently charged with possession of marijuana with intent to deliver in violation of Iowa Code section 124.401(1)(*d*) (2005) and possession of the drugs without a drug tax stamp in violation of Iowa Code sections 453B.1(3)(*b*), 453B.7(1), 453B.12, and 703.1.

Carroll and the State reached a plea agreement. Under the agreement, Carroll agreed to plead guilty to the drug possession with intent to deliver charge, and the State agreed to dismiss the drug tax stamp charge and recommend against incarceration.[1] Carroll subsequently pled guilty to possession with intent to deliver, and the drug tax stamp charge was dismissed consistent with the plea agreement.

The district court rejected Carroll's request for a deferred judgment at the subsequent sentencing hearing, noting Carroll continued to use marijuana during the months following the incident which was the subject of the guilty plea in this case.[2] Doubting Carroll's appreciation of the seriousness of his conduct, the court sentenced Carroll to a term of imprisonment not to exceed five years, suspended the sentence, and ordered a term of probation of two years.[3]

Carroll appealed his conviction asserting his trial counsel provided ineffective assistance by failing to (1) file a motion to suppress evidence seized in an illegal search of the Wulf premises, (2) challenge the sufficiency of the evidence to support a conviction on the drug

---

[1]The State agreed to make the sentencing recommendation "recognizing the Court may grant a deferred judgment."

[2]Carroll candidly admitted his continued use of marijuana during an interview with the presentence investigator.

[3]The presentence investigation report recommended probation in this case.

possession charges, and (3) adequately prepare Carroll for the sentencing proceeding, and present the case supporting imposition of a deferred judgment at the sentencing hearing. Carroll also challenged his sentence, contending the district court abused its discretion by basing its decision solely upon Carroll's continued use of marijuana after February 24, 2006. We transferred the case to the court of appeals for decision, and that court affirmed the conviction and sentence.[4]

Carroll sought further review of the decision of the court of appeals. We granted Carroll's request for review to consider whether ineffective assistance of counsel rendered Carroll's guilty plea uninformed and involuntary.

**II. Discussion.**

**A. Applicable Legal Principles.** A claimant alleging ineffective assistance of counsel must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Risdal*, 404 N.W.2d 130, 131–32 (Iowa 1987). To establish prejudice, a claimant must demonstrate " 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008) (quoting *State v. Shanahan*, 712 N.W.2d 121, 136 (Iowa 2006)); *see also Strickland v. Washington*, 466 U.S. 688, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984). In the context of a guilty plea, an applicant for postconviction relief must prove " 'a reasonable probability that, but for counsel's alleged errors, he [or she] would not have pled guilty and would have insisted on going to trial.' " *State v. Straw*, 709 N.W.2d 128,

---

[4]The court of appeals concluded Carroll's guilty plea waived any claims of ineffective assistance of counsel as to the failure to file a motion to suppress and the failure to challenge the sufficiency of the evidence, concluding those claims were "not a circumstance that bears on the knowing and voluntary nature of a plea."

136 (Iowa 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985)). The probability of a different result must be " 'sufficient to undermine confidence in the outcome.' " *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (quoting *Reynolds*, 746 N.W.2d at 845). We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements can be decided as a matter of law. *See State v. Tesch*, 704 N.W.2d 440, 450 (Iowa 2005).

It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea. *State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000). The State contends the claims that the warrantless search of Wulf's barn was illegal and that evidence obtained as a consequence of that search should have been suppressed were waived by Carroll's guilty plea because they are not matters intrinsic to the plea. Carroll controverts the State's waiver argument, positing his claims on appeal were not waived because they are based on the proposition that his defense counsel was ineffective in failing to (1) comprehend that the warrantless search of the barn was illegal, (2) file a motion to suppress all evidence derived from the search, and (3) properly advise Carroll as to whether he should enter a guilty plea in light of the circumstances surrounding the warrantless search of Wulf's barn. These claimed failures of counsel, Carroll asserts, were intrinsic to the plea because they caused him to improvidently plead guilty to a charge that the State could not have proven had counsel performed effectively. Our resolution of this issue is aided by a review of the case law addressing the extent to which a guilty plea waives

defendant's defenses and objections and eliminates them as a ground for relief on direct appeal and in postconviction proceedings.

A defendant's guilty plea is not necessarily rendered involuntary merely because it follows his defense counsel's mistaken assessment of the admissibility of the State's evidence. *Parker v. North Carolina*, 397 U.S. 790, 796–97, 90 S. Ct. 1458, 1462, 25 L. Ed. 2d 785, 791–92 (1970). This proposition is based upon the fact that criminal cases in general, and guilty pleas in particular, are characterized by considerable uncertainty:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? On those facts would evidence seized without a warrant be admissible? Would the trier of fact on those facts find a confession voluntary and admissible? Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

*McMann v. Richardson*, 397 U.S. 759, 769–70, 90 S. Ct. 1441, 1448, 25 L. Ed. 2d 763, 772–73 (1970) (*citing Brady v. United States*, 397 U.S. 742, 756–57, 90 S. Ct. 1463, 1473–74, 25 L. Ed. 2d 747, 760–61 (1970)). Thus, "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." *Id.* at 770, 90 S. Ct. at 1448, 25 L. Ed. 2d at 773; *see also State v. Freilinger*, 557 N.W.2d 92, 93 (Iowa 1996) (stating guilty plea " 'waives all

irregularities except that the information or indictment charges no offense and the right to challenge the plea itself' " (quoting *State v. Door*, 184 N.W.2d 673, 674 (Iowa 1971))); *State v. Culbert*, 188 N.W.2d 325, 326 (Iowa 1971) (same).

A defendant can, however, challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases. *Tollett v. Henderson*, 411 U.S. 258, 265–67, 93 S. Ct. 1602, 1607–08, 36 L. Ed. 2d 235, 242–43 (1973); *Zacek v. Brewer*, 241 N.W.2d 41, 48–49 (Iowa 1976) (noting that although a defendant may not, after entry of a guilty plea, raise independent claims relating to the deprivation of constitutional rights that occurred prior to the plea, he may attack the voluntary and intelligent character of the plea by showing the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases).

> "Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure to properly inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof."

*Zacek*, 241 N.W.2d at 49 (quoting *Tollet*, 411 U.S. at 266–67, 93 S. Ct. at 1608, 36 L. Ed. 2d at 243). Although we announced in *Zacek* our adherence to the rule that a counsel's breach of duty calling into question whether a defendant's guilty plea was intelligently and voluntarily entered may support a challenge to the plea, our application of the rule in subsequent cases has created some confusion.

**B. Application of Legal Principles.** In *Speed v. State*, 616 N.W.2d 158 (Iowa 2000), an applicant for postconviction relief contended his guilty plea should be set aside because his attorney provided

ineffective assistance in failing to seek suppression of his confession. 616 N.W.2d at 159. In affirming the district court's decision denying Speed's claim for postconviction relief, our *per curiam* opinion cryptically noted the general rule that "claims arising from the denial of a motion to suppress or from counsel's failure to investigate or file a motion to suppress do not survive the entry of a guilty plea."[5] *Id.* We now revisit the general rule and find it lacking in its application to cases in which defendants on direct appeal or applicants for postconviction relief assert they would not have pled guilty but for the ineffective assistance of their counsel.

Carroll contends his counsel provided ineffective assistance in failing to file a meritorious motion to suppress evidence derived from an illegal warrantless search. For the sake of discussion only, let us assume two hypothetical cases. In the first case (1) the search of Wulf's barn was in fact illegal; (2) all evidence obtained by the State as a consequence of the search would have been suppressed if a motion

---

[5]In support of this proposition we cited *State v. Culbert*, 188 N.W.2d 325 (Iowa 1971), *State v. Freilinger*, 557 N.W.2d 92 (Iowa 1996), and *State v. Sharp*, 572 N.W.2d 917 (Iowa 1997). Two of these three cases did not present the question of whether claimed ineffective assistance of counsel led to unintelligent or involuntary guilty pleas, and they are therefore not instructive on the issue now before us. *Culbert* presented on direct appeal the question whether a guilty plea waived a claim that the defendant's confession was involuntary, and the appellant notably did not contend his plea and conviction should be set aside as a consequence of ineffective assistance of counsel. 188 N.W.2d at 325–26. Similarly, in *Freilinger*, the appellant brought a direct appeal following his entry of a guilty plea, but he made no claim that the plea and resulting conviction should be set aside because his attorney's ineffectiveness caused the plea to be unintelligently or involuntarily entered. 557 N.W.2d at 93–94. Of the three cases, only *Sharp* presented claims that counsel's ineffectiveness rendered a guilty plea unintelligent and involuntary. 572 N.W.2d at 918–19, *superseded by statute on other grounds as recognized in Wyciskalla v. Iowa Dist. Ct.*, 588 N.W.2d 403, 406–07 (Iowa 1998). In *Sharp*, we concluded without further analysis that counsel's failure to investigate the circumstances surrounding the defendant's arrest and failure to seek suppression of a blood test "did not survive the plea of guilty." *Id.* Other unspecified claims of ineffectiveness raised by Sharp were "matters that [bore upon] the question of whether [his] guilty plea was intelligently and voluntarily entered," and our decision preserved them for possible postconviction proceedings. *Id.* at 919.

requesting such relief had been filed; (3) a reasonably competent attorney would have known or discovered the factual and legal basis for the meritorious suppression motion, informed Carroll of the likely outcome of the meritorious motion, requested authority from Carroll to file it, and advised Carroll not to plead guilty to a felony; (4) Carroll's attorney failed to do these things a reasonably competent attorney would have done and advised Carroll to plead guilty; and (5) Carroll, believing his attorney had performed effectively, expecting to be convicted at trial of all charges, and relying on his attorney's advice, pled guilty. In the second hypothetical case, we shall assume the circumstances are exactly the same except the attorney advises Carroll to go to trial, the evidence that should have been suppressed is admitted, and Carroll is convicted. Our decision in *Speed* fails to explain why the law should provide Carroll a remedy under the circumstances assumed in the second hypothetical, but not in the first. It is not sensible to hold that the defendant in the first case should bear the negative consequences of counsel's ineffective assistance because he pled guilty, but the defendant in the second case should get a second chance for justice because he chose a trial. We conclude there is no principled explanation for such disparity for in both cases the defendant did not receive effective counsel guaranteed by the Sixth Amendment and suffered prejudice. We therefore disavow our decision in *Speed* insofar as it suggests claims of ineffective assistance arising from counsel's failure to investigate or file a meritorious motion to suppress cannot, as a matter of law, survive the entry of a guilty plea.

Faithful application of the rule announced in *Zacek* precludes *Speed*'s broad conclusion that "counsel's failure to investigate or file a motion to suppress do not survive the entry of a guilty plea." *Id.* We conclude there are no such categories of breach of duty resulting in

prejudice that cannot, as a matter of law, survive a guilty plea. Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary. As in any other case in which relief is requested as a consequence of alleged ineffective assistance of counsel, the party claiming his counsel provided ineffective assistance in advance of the entry of a guilty plea must prove counsel breached a duty and prejudice resulted. *Risdal*, 404 N.W.2d at 131–32; *see Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. The burden to prove prejudice in this context will require the party seeking relief to prove a reasonable probability of a different outcome had the breach not occurred; *i.e.*, that but for counsel's breach of duty, the party seeking relief would not have pled guilty and would have elected instead to stand trial. *Straw*, 709 N.W.2d at 136; *see Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

**C. Was Carroll's Claim of Involuntariness Properly Raised?** In his initial appeal brief, Carroll contended the police officers' warrantless entry into and search of the barn were illegal, and asserted his counsel was therefore ineffective in failing to file a motion to suppress. Carroll further generally asserted his counsel was ineffective in failing to properly advise him as to the insufficiency of the State's evidence to prove guilt as to the crimes charged, in failing to properly prepare him for the sentencing colloquy, and in failing to properly present a case in support of Carroll's request for a deferred judgment. In its initial brief, the State asserted Carroll's guilty plea waived any challenge to constitutional infirmities in the procedure prior to his guilty plea. Because Carroll's initial brief did not expressly claim any errors resulting

from counsel's alleged ineffectiveness were intrinsic to the plea, the State contended Carroll failed on direct appeal to assert a valid challenge to the guilty plea. In his reply brief, Carroll expressly asserted for the first time that his guilty plea was rendered involuntary and unintelligent as a result of counsel's ineffective assistance.

We have repeatedly held we will not consider issues raised for the first time in a reply brief. *Goodenow v. City Council*, 574 N.W.2d 18, 27 (Iowa 1998); *Mueller v. St. Ansgar State Bank*, 465 N.W.2d 659, 660 (Iowa 1991); *State v. Willet*, 305 N.W.2d 454, 458 (Iowa 1981). Although the State correctly notes Carroll did not expressly assert in his initial brief that counsel's ineffectiveness vitiated the knowing and voluntary character of the guilty plea, we conclude the assertion was properly addressed in his reply brief under the circumstances presented here. Carroll was not required to address the subject of waiver until the State raised it in its initial brief. Accordingly, we conclude the question of whether Carroll's guilty plea was unknowing and involuntary as a consequence of his counsel's ineffective assistance was properly raised for our review. Having concluded Carroll's claim was properly raised, we next consider whether the record is sufficient in this case to determine whether counsel breached a duty, and whether any such breach caused prejudice.

**D.  Sufficiency of the Record on Direct Appeal.**  Central to Carroll's claims that his counsel provided ineffective assistance in connection with the guilty plea is the proposition that a motion should have been filed to suppress all evidence derived from the search of Wulf's barn. As counsel has no duty to pursue a meritless issue, *State v. Hoskins*, 586 N.W.2d 707, 709 (Iowa 1998), the court must confront the question whether the search of Wulf's barn violated Carroll's Fourth

Amendment rights. The "extent to which the Fourth Amendment protects people may depend upon where those people are." *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 473, 142 L. Ed. 2d 373, 379 (1998). Carroll's claim of Fourth Amendment protection depends upon the proposition that, as a social guest at a party, he had a reasonable expectation of privacy in Wulf's barn. *See Rakas v. Illinois*, 439 U.S. 128, 143–44, 99 S. Ct. 421, 430–31, 58 L. Ed. 2d 387, 400–02 (1978) (stating in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable). Although the text of the Fourth Amendment could be read as extending only to people in "their" houses, the Supreme Court has held that in some circumstances a person may have a legitimate expectation of privacy in the house of someone else. *Carter*, 525 U.S. at 89, 119 S. Ct. at 473, 142 L. Ed. 2d at 379; *see also State v. Ortiz*, 618 N.W.2d 556, 561 (Iowa 2000) (distinguishing a social guest from one who is permitted on the premises for the commercial purpose of engaging in commercial drug transactions).

The determination of whether a person has a reasonable expectation of privacy with respect to a particular time and place "is made on a case-by-case basis, considering the unique facts of each particular situation." *State v. Breuer*, 577 N.W.2d 41, 46 (Iowa 1998). The record in this case is inadequate in several particulars to determine whether Carroll can establish such an expectation during the gathering in Wulf's barn. The relationship between Wulf and Carroll, and the frequency with which Carroll had previously, if ever, visited Wulf's property is not disclosed. *See Carter*, 525 U.S. at 90, 119 S. Ct. at 473, 142 L. Ed. 2d at 380 (discussing whether a social relationship existed

between the defendant and the premises searched). We are also unable to discern from the record how long Carroll had been at the Wulf premises before the search occurred. *See id.* at 91, 119 S. Ct. at 474, 142 L. Ed. 2d at 381 (noting the relatively short time defendants were present on the searched premises as a factor in deciding whether a reasonable expectation of privacy existed). The record also does not sufficiently disclose the nature of the place searched. Although the police report indicates a couch and bar were present on the top floor of the structure suggesting the presence of dwelling-like features, we believe the record is nonetheless inadequate to reveal the characteristics of the barn and its relationship, if any, to the Wulf dwelling. Furthermore, we believe a principled evaluation of the reasonableness of Carroll's claimed expectation of privacy should be based on an understanding of the number of people invited to the party and the number of guests who were present at the time of the search. The record does not reveal whether the party was open to the public or limited to a circumscribed guest list.[6]

The record is also inadequate in at least one additional important respect. According to the police report, the investigating officers were unable by knocking on the exterior of the barn to rouse the attention of anyone inside. Soon thereafter the officers encountered a male and female exiting a garage on the Wulf premises.[7] The report further asserts that when the officers inquired of the couple as to what was going on inside the barn, they did not directly respond, but instead invited the officers to "follow them to the party." The record does not disclose the

---

[6]The police report asserts the informant who reported the party to law enforcement officials claimed he had received five telephone calls from people inviting him to Wulf's party.

[7]The record is unclear whether the "garage" was part of the barn structure or connected to the Wulf residence that was located nearby on the same premises.

identity of the couple, nor does it offer evidence as to whether the couple had authority to invite the officers into the barn without a warrant.

### III.    Conclusion.

We affirm Carroll's conviction.  Because the record is inadequate to decide the claim of ineffective assistance of counsel, we preserve it for possible postconviction proceedings.

**DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Baker, J., who takes no part.