# IN THE COURT OF APPEALS OF IOWA

No. 15-2028
Filed June 21, 2017

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**JAMON KWESHI ALLEN JR.,**
         Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Jamon K. Allen Jr. appeals from the judgment and sentences imposed after his plea of guilty to two counts of willful injury causing serious bodily injury and one count of intimidation with a dangerous weapon. **AFFIRMED.**

Justin R. Wyatt of Woods & Wyatt, P.L.L.C., Glenwood, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Jamon K. Allen Jr. appeals from the judgment and sentences imposed after his pleas of guilty to two counts of willful injury causing serious bodily injury, in violation of Iowa Code section 708.4(1) (2015), and one count of intimidation with a dangerous weapon, in violation of section 708.6. Allen contends trial counsel was ineffective in failing to depose witnesses as he requested, which compelled Allen to enter an *Alford* plea on the third day of trial.[1]

Allen's counsel informed the district court she chose not to take the depositions for strategic reasons. The court ruled it would not compel counsel to take depositions against her professional judgment.

Allen's challenge to the court's ruling that it would not compel counsel to depose persons as Allen requested was waived by his pleading guilty, unless he can establish his plea was affected by constitutionally deficient advice. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). Because the record is inadequate to address Allen's ineffectiveness claim, we preserve it for possible postconviction proceedings. *See Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) ("[C]laims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney guaranteed a defendant under the Sixth Amendment.").

---

[1] *See N. Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that an accused may consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime).

We affirm Allen's convictions.

**AFFIRMED.**