# IN THE COURT OF APPEALS OF IOWA

No. 14-0052
Filed October 15, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH D. AVERY IV,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


        A criminal defendant appeals his convictions for three counts of possession of a controlled substance, third offense, alleging ineffective assistance of counsel. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John P. Sarcone, County Attorney, and Joseph Crisp, Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Claims of ineffective assistance arising from counsel's failure to file a motion to suppress can survive the entry of a guilty plea. *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). Kenneth Avery raises such a claim. He entered a plea agreement in which he admitted guilt for three felony drug offenses, and the State dismissed another felony and two simple misdemeanor charges.[1] He now argues law enforcement illegally prolonged his detention following a traffic stop and a motion to suppress would have successfully excluded the evidence of his drug possession for two of three counts. He contends his attorney was constitutionally remiss in not moving to suppress and his guilty pleas were unknowing and involuntary as a consequence of that ineffective assistance.

As the supreme court did in *Carroll*, we find it necessary to preserve Avery's ineffective-assistance claim for postconviction-relief proceedings because the record in this direct appeal is inadequate to decide the merits of Avery's suppression issue. *See id.* at 646.

### I. Standard of Review and Principles of Ineffective Assistance

Because they flow from the Sixth Amendment, we review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, Avery must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668,

---

[1] Two of the counts arose from a traffic stop on February 13, 2013, and a third stemmed from an encounter with police on May 27, 2013. All three were enhanced to class "D" felonies because they were third offenses. *See* Iowa Code § 124.401(5) (2013). The court ran the February offenses consecutive to each other, but concurrent to the May offense, for an indeterminate term of ten years in prison.

687 (1984). In guilty plea situations, defendants must show but for counsel's faulty advice, they would have elected to go to trial. *State v. Straw*, 709 N.W.2d 128, 136 (Iowa 2006).

Defendants are permitted to challenge the validity of their guilty pleas by proving the advice they received from counsel in connection with the plea was not within the range of competence demanded of criminal defense attorneys. *Carroll*, 767 N.W.2d at 642. If counsel does not properly evaluate facts giving rise to a constitutional claim that would have affected the decision to plead, the defendant may be able to meet this standard of proof. *Id.* The *Carroll* court explained: "Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary." *Id.* at 644.

The usual course is to preserve claims of ineffective assistance of counsel for postconviction relief proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Those proceedings allow the parties to establish the pertinent facts and permit the accused attorney to respond to a defendant's claims. *See State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011). We will resolve claims on direct appeal only when the record is adequate. *Clay*, 824 N.W.2d at 494.

## II.    Analysis of Suppression Claim

At this stage, our only available facts concerning the traffic stop and subsequent search come from the minutes of testimony. The minutes show that on February 13, 2013, Polk County Sheriff's Deputy Doug Miller saw Avery's car

exit the Motel 6 parking lot on N.E. Fourteenth Street in Des Moines with only one functioning headlight. Miller stopped the car, issued Avery a written warning, and told him he was free to leave.

Before Avery left, Deputy Miller asked him a series of questions. The deputy asked Avery if he was still living in Baxter. Avery responded he was living at the Motel 6 on N.E. Fourteenth Street. Miller told Avery that particular Motel 6 was "known for drug activity" and Miller noticed Avery had prior drug convictions. Miller asked Avery if he had anything illegal in the car; Avery said he did not. Miller then asked Avery for consent to search the vehicle; Avery declined.

Deputy Mark Mohr had also arrived at the scene with his K-9 unit. According to the minutes, Miller asked Avery to "step out of the vehicle so that Deputy Mohr could have his K-9 check around the vehicle." Before Deputy Miller placed Avery in the back seat of his patrol vehicle, Miller conducted "a search of the defendant's person" for weapons. In doing so, Deputy Miller "felt a round tube with a bulb on the end, which felt like a methamphetamine pipe." The deputy reached into Avery's pocket and pulled out the pipe. The deputies arrested Avery and impounded his car. An inventory search revealed seven-tenths of a gram of methamphetamine and six-tenths of a gram of marijuana.

Avery argues his case presents an issue under *State v. Pals*, 805 N.W.2d 767, 772 (Iowa 2011), regarding the permissible scope of searches and seizures in the context of minor infractions. He believes the deputies seized him without probable cause after releasing him with an equipment citation. Avery contends the police violated his right against unreasonable search and seizure by

"order[ing] him out of his car" and then conducting a search of his person. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8.

The State acknowledges, and we agree, the minutes raise a potential ground for a motion to suppress. But without testimony concerning the deputy's request for Avery to step out of his vehicle and into the patrol car during the dog sniff, and whether Avery's compliance with that request was voluntary or coerced, we are left to speculate concerning the interactions. *See State v. Lane*, 726 N.W.2d 371, 378 (Iowa 2007) (explaining voluntariness is a question of fact to be determined from the totality of circumstances); *see also Pals*, 805 N.W.2d at 783 (noting police advisory that the defendant was free to leave "would serve to significantly neutralize the coercive setting"). The minutes do not disclose enough information to adequately decide the suppression issue.

The record also does not disclose what discussions trial counsel may have had with Avery concerning plea negotiations or the viability of filing a motion to suppress and possibly foregoing a favorable plea deal. Preservation of Avery's claim will allow "full development of the facts surrounding counsel's conduct." *See State v. Walker*, 671 N.W.2d 30, 37 (Iowa Ct. App. 2003).

We affirm Avery's convictions. Because the record is inadequate to decide his claim of ineffective assistance of counsel, we preserve it for possible postconviction-relief proceedings.

**AFFIRMED.**