# IN THE COURT OF APPEALS OF IOWA

No. 14-0955
Filed July 22, 2015

**KORVETTA GLASPER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Korvetta Glasper appeals the district court's denial of her application for postconviction relief. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Linda Fangman, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Korvetta Glasper pled guilty to assault with intent to inflict serious injury and domestic abuse assault. On direct appeal, this court preserved two ineffective-assistance-of-counsel claims for postconviction relief. *See State v. Glasper*, 2014 WL 667715, at *1 (Iowa Ct. App., Feb. 19, 2014).

Glasper subsequently filed a postconviction-relief application raising several ineffective-assistance-of-counsel claims. The district court denied the claims following an evidentiary hearing.

On appeal, Glasper contends her plea attorney was ineffective (1) "in his handling of [her] motion in arrest of judgment" and (2) "relative to handling [her] 'self-defense' claim." To prevail, she must show counsel breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice, in the guilty plea context, requires a showing that but for counsel's breach, an applicant would not have pled guilty and would have elected to stand trial. *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

Glasper cannot make this prejudice showing. *See Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (stating a claim of ineffective assistance of counsel fails if either element is lacking). Glasper stated she wished to plead guilty in hopes of being sentenced to an inpatient treatment facility rather than prison. When the judge explained he was not bound by the plea agreement and could impose the maximum possible penalty, Glasper said she still wished to plead guilty. And when the judge reiterated he was "making no promises" concerning the sentence, Glasper stated she understood and would proceed with the guilty plea.

At one point, when Glasper equivocated in admitting an element of the crime, the court advised her, "Well, I won't accept your plea of guilty if you're claiming that you're innocent of this offense." Glasper responded, "No, I accept. I accept. I'm sorry. I accept it. I accept it." Later, the court stated, "If you don't believe that you're guilty of these offenses, we can proceed with the trial." Again, Glasper affirmed her desire to plead guilty. When the court advised Glasper her attorney was ready to proceed to trial if she wished, Glasper responded, "No."

Glasper pled guilty to both crimes. The district court accepted the pleas. Glasper's attorney proceeded to discuss the merits of a justification defense he had raised. He recounted his conversation with Glasper about the weakness of a self-defense instruction, given Glasper's inability to show she lacked an alternative course of action. Glasper did not contradict these representations.

Glasper only voiced an objection after the district court stated sentencing would not take place immediately. Upset that she would have to "sit[]" in jail pending sentencing, she stated, "I want to take my plea back right now on the record." The district court explained she would get credit for time served. The court asked the prosecutor and defense attorney whether they wished to make a further record. Both declined, and the hearing was adjourned.

Defense counsel did not sit on his hands following the adjournment. He filed a motion in arrest of judgment, seeking withdrawal of the plea based on Glasper's dissatisfaction with his representation. After considering the motion, the district court stated, "You're a competent attorney, and, quite frankly, I find that Ms. Glasper's request and dissatisfaction with you is simply based upon her desire to avoid responsibility in these cases and delay matters. So the

application to withdraw is denied." The district court clearly was unpersuaded by Glasper's motives for filing the motion.

We conclude there is no reasonable probability the outcome would have changed had counsel done anything differently with respect to the motion in arrest of judgment or the justification defense.

We affirm the district court's denial of the postconviction-relief application.

**AFFIRMED.**

Doyle, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, C.J.** (concurring specially)

I concur in the result as I agree there was no prejudice. I concur specially to further address the prejudice prong in the analysis of ineffective assistance of counsel. Glasper contends that if counsel had been zealous in his representation concerning the motion in arrest of judgment, "there is a reasonable probability that the trial court would have found the guilty plea too problematic to instill confidence in the conviction." Such a generalized claim does not reflect how the failure of counsel to be zealous in his representation constitutes prejudice.

Glasper has not alleged trial counsel had a conflict of interest such that prejudice is presumed. *See State v. Vaughan*, 859 N.W.2d 492, 500 (Iowa 2015) (citing *Mickens v Taylor*, 535 U.S. 162, 172–74 (2002) for the holding that "automatic reversal is required under the Sixth Amendment only when the trial court refuses to inquire into a conflict of interest over defendant's or counsel's objection"). Moreover, although the trial court should have been aware of a conflict in this case where the motion in arrest of judgment alleges ineffective assistance of counsel and the same counsel argues the motion, no objection was raised by the defendant.

"The test of any guilty plea procedure is whether it establishes on the record that the guilty plea has been voluntarily and intelligently entered and that it has a factual basis." *Brainard v. State*, 222 N.W.2d 711, 723 (Iowa 1974). Some reluctance on the part of a recalcitrant defendant or statements contrary to guilt may not be sufficient to establish the plea was not intelligently or voluntarily

entered.  Here, assuming the issue is not moot,[1] even if Glasper had the benefit of more zealous representation regarding her motion in arrest of judgment, the outcome would have not changed.  The plea was voluntarily and intelligently entered, and there was no prejudice.

---

[1] Glasper was sentenced on January 11, 2013, and was imprisoned for a two-year term.