## IN THE COURT OF APPEALS OF IOWA

No. 15-1954
Filed October 12, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT JOSEPH SEDLOCK JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger (guilty plea) and Robert J. Blink (sentencing), Judges.


        Robert Sedlock Jr. appeals following his plea of guilty to forgery.

**AFFIRMED.**


        Susan R. Stockdale, Windsor Heights, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.


        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

On October 1, 2015, Robert Sedlock Jr. entered a written petition to plead guilty to aggravated-misdemeanor forgery, in violation of Iowa Code section 715A.2(2)(b) (2015) (a lesser-included offense to the offense charged). The written plea includes a statement that the maximum sentence was imprisonment of not more than two years and a fine of $6250, and the minimum sentence was a fine of not less than $625. The written plea also provides,

> To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing. I understand that by seeking immediate sentencing I give up this right and forever waive my right to challenge this plea and to appeal my plea. I also waive the preparation and use of a pre-sentence investigation.

That same date, the court entered an order accepting the plea, noting Sedlock appeared in person and with counsel, the court had reviewed the petition to plead and the statements of the defendant, and the court found that Sedlock "understands the charge, the penal consequences, and the constitutional rights being waived." Sentencing was set for November 10. Sedlock did not appear for that hearing but was sentenced on November 12. The district court ordered Sedlock to serve ninety days in the county jail and to pay a fine in the amount of $625.

On appeal, Sedlock claims his guilty plea was defective because the district court failed to insure that he understood the nature of the crime to which he was pleading guilty and failed to inform him of the mandatory surcharges that would be imposed at sentencing. A written guilty plea may replace the colloquy for misdemeanors with the defendant's consent. Iowa R. Crim. P. 2.8(2)(b) ("The

court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor."). Sedlock's guilty plea contained an acknowledgement that failure to file a motion in arrest of judgment would preclude him from challenging his guilty plea on appeal. Consequently, Sedlock cannot now challenge his guilty plea.[1] *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea.").

Sedlock also asserts that to the extent his claims cannot be challenged, plea counsel was ineffective. Sedlock fails even to assert he would not have pled guilty and insisted on going to trial had counsel filed a motion in arrest of judgment and he been informed of a mandatory surcharge. *See Fisher*, 877 N.W.2d at 682 n.3 ("Had the form substantially complied with rule 2.8(2)(d), Fisher would have to challenge his guilty plea under the rubric of ineffective assistance of counsel, which would require him, among other things, to demonstrate 'a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial.'" (citations omitted)).

In his reply brief, Sedlock acknowledges the current record does not contain information of what factors affected his decision to plead guilty. He asks

---

[1] *State v. Fisher*, 877 N.W.2d 676 (Iowa 2016), upon which Sedlock relies, provides no exception. There, the court determined that the written plea form did not contain "any statement that by signing it or proceeding to immediate sentencing, [the defendant] was giving up his ability to contest the plea in the future." *Fisher*, 877 N.W.2d at 682. Here, the plea form specifically states—and Sedlock acknowledged—that if he did not file a timely motion in arrest of judgment "I give up this right and forever waive my right to challenge this plea and to appeal my plea."

that we preserve the ineffectiveness claim.  We agree.  We affirm the conviction and preserve Sedlock's ineffective-assistance-of-counsel claim for possible postconviction proceedings.

**AFFIRMED.**