# IN THE COURT OF APPEALS OF IOWA

No. 16-0181
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ORLANDO MAURICE TERRELL,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Henry W. Latham II
(plea) and Stuart P. Werling (sentencing), Judges.


        Orlando Terrell appeals following his pleas of guilty to two counts of
delivery of controlled substances. **AFFIRMED.**


        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant
Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

In exchange for dismissal of habitual offender sentencing enhancements,[1] Orlando Terrell pled guilty on two counts of delivery of a controlled substance (marijuana), a class "D" felony, in violation of Iowa Code section 124.401(1)(d) (2015). Terrell now seeks reversal of his convictions contending he was not fully informed of the thirty-five percent surcharge nor "any other monetary assessments to be added to the fine." We affirm.

The written plea agreement noted Terrell would be responsible for restitution of "buy money" in the amount of $200, a $10 fee for the Drug Education Assistance Program, and a $125 law enforcement initiative surcharge. It also noted Terrell's driving privileges would be suspended.

During the plea colloquy, the district court informed Terrell the charges carried a maximum five-year term of imprisonment and a fine "between $750 to a maximum fine of $7500." The court did not mention a surcharge. But the court did state the written plea agreement "further provides the penalties associated with these charges." The court also noted the "concurrence of the court to the agreement is a condition to acceptance of the plea." The court then asked Terrell if "that is your understanding of the plea," to which Terrell responded, "yes sir."

The court accepted the defendant's guilty pleas on both counts, and informed Terrell,

---

[1] The district court noted during the plea proceeding that the State's agreement not to pursue the enhancement decreased the possible sentence Terrell faced from ninety years to ten years.

> [A]ny challenges to the pleas of guilty which you have just entered based on any alleged defects or mistakes you believe were made in these plea proceedings must be raised in what is called a Motion in Arrest of Judgment. Failure to raise them in that kind of motion will prevent you from asserting them on appeal.

Terrell did not file a motion in arrest of judgment.

At sentencing the State noted the applicable surcharges. The district court sentenced Terrell to concurrent five-year terms of incarceration and imposed the minimum fine of $750 and "the [thirty-five] percent surcharge on the court costs." The court suspended the obligation to repay attorney fees and the fine.

Terrell now appeals, arguing his guilty pleas were unknowing and involuntary because the district court did not mention the surcharge during the plea proceeding. Because Terrell was informed about the necessity of a filing a motion in arrest of judgment, he has waived the objections to the plea proceeding. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."); *cf. State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016) (finding no error preservation hurdle where defendant was *not* informed of the necessity of motion to arrest of judgment).

"A defendant can, however, challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases," i.e., that plea counsel was ineffective. *Carroll*, 767 N.W.2d at 642. To establish his claim of ineffective assistance of counsel, Terrell must demonstrate (1) his plea counsel failed to perform an essential duty, and (2) this failure resulted in

prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "[T]he defendant claiming ineffective assistance of counsel with respect to a guilty plea must prove that, but for counsel's breach, there is a reasonable probability he or she would have insisted on going to trial." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) (citing *Straw*, 709 N.W.2d at 133).

Although the record before us is not adequate to determine what advice counsel provided Terrell with respect to the thirty-five percent surcharge or whether Terrell would claim he would have insisted on going to trial had he known of the surcharge—here, no reasonable person would have turned down the plea agreement because of the thirty-five percent surcharge. Moreover, the fine was suspended, and "[w]hen a fine . . . is suspended in whole or part," the surcharge is suspended in the same proportion. Iowa Code § 911.1(3). Thus, Terrell was not required to pay the thirty-five percent surcharge because the fine was entirely suspended. Accordingly, we find no possibility of prejudice or probability Terrell would have insisted on a trial under these facts. *See Tate*, 710 N.W.2d at 241. We therefore affirm.

**AFFIRMED.**