## IN THE COURT OF APPEALS OF IOWA

No. 15-1382
Filed November 9, 2016

**EDWARD A. GRAYSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Robert E. Sosalla, Judge.

Edward Grayson appeals from the district court's order denying his application for postconviction relief. **AFFIRMED.**

Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Edward Grayson appeals from the district court's order denying his application for postconviction relief (PCR). Grayson was convicted of first-degree kidnapping after a jury trial held December 9-12, 1996. This application, filed April 9, 2015, is one of several PCR applications filed by Grayson stemming from his first-degree kidnapping conviction. Grayson contends the district court erred in dismissing the PCR application for failure to file within the three-year statute of limitations as required by Iowa Code section 822.3 (2015).[1]

Grayson asserts the section 822.3 three-year statute of limitations for filing a PCR application does not apply to PCR applications raising a claim of actual innocence, even if the claim could have been raised in the requisite three-year period. In making this argument, Grayson relies on the actual-innocence exception to the statute of limitations in federal habeas corpus cases. *See Schlup v. Delo*, 513 U.S. 298, 320 (1995) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." (citation omitted)).[2] However,

---

[1] We have also reviewed Grayson's claim filed in the pro se supplemental brief that "the district court erred in failed to invoke its inherent jurisdiction power to hear and determine motion to dismiss charge district court possesses subject matter jurisdiction to grant," and find it to be without merit. We additionally note we will not consider any new issues raised in Grayson's pro se supplemental reply brief. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) ("We have repeatedly held we will not consider issues raised for the first time in a reply brief.").

[2] The State contends Grayson failed to preserve error on his argument of the actual-innocence exception. Grayson contends the court should have been able to discern his reliance on such a claim. We are not so convinced and believe the State's error-preservation argument has some appeal, but we choose to proceed to address the merits of the claim.

the actual-innocence exception has not been addressed nor adopted by the Iowa Supreme Court.

We addressed the actual innocence-exception in *Mayberry v. State*, No. 11-1982, 2013 WL 2371213, at *4 (Iowa Ct. App. May 30, 2013).  In *Mayberry*, this court found, "[a]ssuming without deciding whether Iowa has an actual innocence exception in our postconviction relief scheme," the appellant was not able to prove he was actually innocent.  2013 WL 2371213, at *4.  The court reasoned:

> Claims of constitutional error to prove actual innocence must be proved with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Actual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather "that no reasonable juror would have found the defendant guilty."  *Id.* at 329.  "Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.*

*Id.*  The *Mayberry* court held the PCR applicant's new evidence did "not amount to the type of evidence that would prove [the applicant]'s innocence."  *Id.*

Grayson's argument faces the same problem.  Grayson's claim of actual innocence is based on testimony given by the victims during his 1996 trial and in light of the decision in *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015) (addressing the confinement requirement for a kidnapping conviction).  Grayson contends *Robinson* announced a new rule of law with respect to the proof necessary to establish the kidnapping offense upon which Grayson was convicted.  But Grayson has presented no new evidence to support his actual-innocence claim.  Thus, even if the supreme court would adopt the actual-

innocence exception as applied in federal habeas corpus actions,[3] Grayson's claim fails.

Grayson argues he was not required to present new evidence, and the court should allow his PCR action to proceed to prevent "a miscarriage of justice," citing *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). However, in *McQuiggin*, the United States Supreme Court stated:

> We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free from nonharmless constitutional error."

133 S. Ct. at 1936. The Supreme Court held, "[T]he proffered evidence even if 'new,' was hardly adequate to show that had it been presented at trial, no reasonable juror would have convicted [the petitioner]." *Id.* Grayson's evidence of actual innocence is similarly inadequate.

The district court dismissed Grayson's PCR application as untimely under section 822.3, holding:

> Even when the application for postconviction relief is construed in the light most favorable to applicant, the court concludes that applicant has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted. This action was filed nearly seventeen years after the procedendo issued in [the direct appeal]. Applicant has offered no evidence or legal argument that could not have [been] presented in any of the other numerous postconviction-relief filings, if they were filed within the applicable time period. . . . Applicant's claim is time-barred by [section] 822.3.

---

[3] We additionally note that such a determination would be better left to the responsibility of our supreme court. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *see also State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

We agree.  Moreover our court has previously concluded the supreme court did not announce a new rule in *Robinson* but rather only clarified existing law by its reliance upon the three-factor test announced in *State v. Rich*, 305 N.W.2d 739, 741-42 (Iowa 1981).  *See Hampton v. State*, No. 15-1802, 2016 WL 2743451, at *1 (Iowa Ct. App. May 11, 2016).

Accordingly, we affirm the district court order dismissing Grayson's PCR application.

**AFFIRMED.**