# IN THE COURT OF APPEALS OF IOWA

No. 17-0253
Filed July 19, 2017

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**MICHAEL WAYNE HOLTON,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

　　Michael Holton appeals following his guilty plea to domestic abuse assault, third or subsequent offense, asserting the district court erred in imposing restitution and his counsel rendered ineffective assistance. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

　　Sarah A. Reindl, Mason City, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

　　Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

In November 2016, Michael Holton was charged with two counts of domestic abuse assault, third or subsequent offense. Holton subsequently entered into an agreement with the State wherein he would plead guilty to the first count of assault in exchange for dismissal of the second count, along with the county attorney making sentencing recommendations that he be ordered to serve a prison term not to exceed five years, that a suspended fine plus surcharges and court costs be imposed, and that he attend and participate in the Iowa Domestic Abuse Program. One of the lines on the plea form, initialed by Holton, stated: "Restitution **is** (**not**) requested." The word "not" was not lined or crossed out, nor was it circled.[1]

A hearing on the plea was set. Additionally, the court ordered a presentence investigation, anticipating Holton would request to proceed to sentencing following the plea hearing. Prior to that hearing, the State filed a statement of pecuniary damages, informing the court that the Crime Victim Compensation Program (CVCP) was entitled to restitution for payments the CVCP made in the amount of $1400.

At the hearing, the court had a colloquy with Holton to verify he knew and understood the consequences of his guilty plea. The court advised Holton that "if there's any victim restitution, [he] would be required to pay that," and Holton affirmed he understood. The court accepted Holton's guilty plea, and Holton waived delay of his sentencing.

---

[1] The word "not" was circled on two other lines on the form, indicating Holton was not on probation, parole, or work release, and did not have any other criminal charges pending against him. Another portion of the form was lined out.

The court then proceeded to sentencing, and the court asked the assistant county attorney if there was anything she wanted to add to the State's recommendation. The assistant county attorney responded:

> The State's recommendation was as stated in the plea agreement. I will add—I guess I will add though that the State requests restitution in the amount stated in the statement of pecuniary damages that was previously filed that goes towards crime victims so we do request restitution in the amount of fourteen hundred dollars to the [CVCP].

In response, Holton's attorney stated:

> With the understanding that there is a mandatory requirement in this case for the sentencing recommendations, I won't add to that, Your Honor. I would say, however, Mr. Holton did receive a copy of the Iowa [CVCP] Summary, and understanding that they went ahead and paid this fourteen hundred dollars for [the victim] but Mr. Holton indicated that she was already having to move before this allegation occurred. She was attempting to get money to get a different location or get a different place to live so to say that these were emergency relocation to provide primary shelter and rent deposit, we would—basically, Your Honor, we would object to that usage. It wasn't an emergency response. [The victim] was already in the process of moving and looking for help for that, and so this part is not an emergency, and . . . I don't know what kind of investigation [the CVCP] did, but characterizing it as an emergency so that they will pay it is inaccurate, Your Honor, and Mr. Holton should not be ordered to reimburse for the rent and the deposit slip—or the deposit payment that she had to make . . . .

The court asked if Holton requested a restitution hearing, and his attorney answered:

> I guess I understand, you know, the law regarding the [CVCP] is if they pay it, Your Honor has to order it, but to say that [the victim] misrepresented to [CVCP] would, you know, result in, I guess, a hearing, but if Your Honor felt that you had the authority to override their decision that this was an emergency move for her, then we'd like a hearing. If the court believes you don't have that authority because of what the statute provides, then I just want it on the record that Mr. Holton was not—should not be held responsible for the moving expenses in this case.
> . . . .

. . . I am not opposed to a restitution hearing, just if the Code provides that Your Honor has that jurisdiction or that authority, since [CVCP] has already paid it, to determine the amount.

The court stated its "reading of chapter 910 [(2016)] would be that if the [CVCP] has paid it, then that—the issue of whether or not it should be included as restitution—is already determined." The court noted it did have some latitude on whether or not a defendant has the reasonable ability to pay that restitution. The court then sentenced Holton to a five-year prison sentence and ordered, among other things, that he reimburse the CVCP $1400.

Holton now appeals, arguing that the district court erred in ordering restitution be paid and that his trial counsel rendered ineffective assistance relating to the restitution issue. Beginning with the latter claim, we will only address ineffective-assistance-of-counsel claims on direct appeal if the record is adequate. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). To prove counsel was ineffective, a defendant must show both that counsel breached an essential duty and that the breach resulted in prejudice to the defendant; failure to prove either prong is fatal to the claim. *See id.* In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Our review is de novo. *See id.*

Though Holton argues his trial counsel breached an essential duty, he makes no claim that, but for his counsel's alleged errors, he would have insisted on going to trial rather than plead guilty. Rather, he only states he "was not told that he was at risk for restitution either in his plea agreement or in his guilty plea."

As noted above, a breach of duty by itself is not enough to demonstrate counsel was ineffective. *See Lopez*, 872 N.W.2d at 169. Because the record before us on this direct appeal is devoid of evidence indicating Holton would have insisted on going to trial rather than pleading guilty, we must preserve the ineffective-assistance-of-counsel claim for possible postconviction proceedings. *See State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008).

As to the CVCP restitution imposed by the court in Holton's sentence, the State concedes Holton was entitled to a restitution hearing to contest the causal connection of the CVCP payments, as found by the Iowa Supreme Court in *State v. Jenkins*, 788 N.W.2d 640, 646-47 (Iowa 2010). Consequently, we vacate the restitution portion of the district court's sentencing order, and we remand the case to the district court for a further hearing on Holton's arguments challenging the restitution order. *See id.* We affirm the judgment and sentence in all other respects, and we do not retain jurisdiction.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**