# IN THE COURT OF APPEALS OF IOWA

No. 18-0659
Filed April 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RODNEY D. BECK,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II (trial), Judge, and Mark R. Fowler (sentencing), District Associate Judge.

Rodney Beck appeals from his convictions for driving while barred and driving while suspended. **AFFIRMED.**

Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

On June 1, 2017, Detective Joshua Paul, who was familiar with Rodney Beck, observed Beck enter a rented vehicle as the lone occupant and drive to several locations. Beck was subsequently charged with driving while barred and two counts of driving while under suspension.

At trial, Beck stipulated he was barred from driving and that his driving privileges were suspended for failure to pay fines and to post security for an accident. Malcom Mitchell, the brother of Beck's paramour, was described in opening statements as bearing "an extremely striking resemblance to Rodney Beck." Mitchell testified for the defense that it was he who had been the driver of the vehicle on June 1. Mitchell testified he was "driving around" as he "had stuff to do that day." He could not remember where he went other than HyVee. Defense counsel had Mitchell and Beck stand next to one another and face the jury. The jury found Beck guilty as charged.

Beck appeals from his convictions, asserting his trial counsel was ineffective in failing to object to testimony by Detective Paul. He also contends the district court failed to provide adequate reasons for the sentences imposed.

*Ineffective assistance of counsel.* We review ineffective assistance claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed in such a claim, the defendant must prove that counsel failed to perform an essential duty, and prejudice resulted. *Id.*

Relevant evidence is admissible. Iowa R. Evid. 5.402. As conceded by the defense at trial, it was "highly relevant" how Detective Paul was able to identify

Beck and why the detective observed Beck for four hours.[1] Beck contends, however, counsel failed to object to the detective's testimony on rebuttal concerning a stop the surveilled vehicle made at Carter's Quality Tires. He contends the testimony was presented to create a "strong suggestion from the State that the purpose of the driving behavior was to commit unrelated criminal acts that the jury would convict Beck as a bad person." However, the evidence was relevant for other purposes.

Mitchell testified that only he drove the rented vehicle on June 1 and he could not remember where he drove. It was for the jury to determine whether Mitchell's testimony was credible. *See State v. Harrington*, 178 N.W.2d 314, 315 (Iowa 1970) (noting it is the jury's function to determine disputed fact questions and the credibility of witnesses).

On rebuttal, the detective testified:

> Mr. Beck drove to Carter's Quality Tires, which is on Rockingham Road in Davenport. He pulled into a large garage bay and they—for whatever reason, it was a nice day out, they kept the garage bay door open. He exited the vehicle. They did some work to the car, they took tires off of the rental vehicle. The car was there for a little over an hour. At some point they put tires back on the

---

[1] Prior to trial, Beck's counsel argued:
> We do not think the jury should be informed of the nature—or the reason for the surveillance. The fact that the detective was surveilling Mr. Beck I think is highly relevant to his ability to identify Mr. Beck, explains the amount of time he had to observe him, the fact that he learned what he looked like in advance, I think that's fair game for the State, but the fact that it's a drug investigation should not be presented to the jury.

The trial court agreed. *See* Iowa R. Evid. 5.404(b)(1), (2) (stating "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"; "[t]his evidence may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

The trial court ruled "the State will only elicit testimony from the officer that the defendant was under surveillance, not the nature of the surveillance."

rental vehicle. And then Mr. Beck left again as the only occupant of the vehicle.

A reasonable juror could find that a person would remember—even eight months later—having to take a rental car to a tire shop and spend an hour waiting while the tires were removed. We conclude an objection by defense counsel to this relevant evidence would have been without merit. *See State v. Carrol*, 767 N.W.2d 638, 645 (Iowa 2009) (noting defense counsel has no duty to pursue a meritless issue). Consequently, Beck's ineffectiveness claim fails.

*Reasons for sentence imposed.* Beck claims that the court failed to present sufficient reasons for the sentence imposed.

Sentencing determinations are reviewed for an abuse of discretion. *See State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

> An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. Our rules of criminal procedure require a sentencing judge to state the reasons for a particular sentence on the record. . . . "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action."

*Id.* (citations omitted).

An "informal" presentence investigation report was prepared prior to sentencing. The State argued for a sentence of 200 days in jail, noting "one other additional driving while barred, several [driving under suspension] D.U.S.s and traffic violations, which suspended sentences haven't done any good." The defense asked for a sentence of 240 days in jail with all but three days suspended. When it pronounced Beck's sentence of 240 days with all but sixty days suspended, the court explained that it considered the fact that Beck had "charges

ever since basically since you started driving," and that this was his second offense of driving while barred. After the court pronounced the sentence, it explained further:

> [T]he reason we do this is because we can't have you out there driving without a license. It's a danger to everybody. I know you may not think it is, but statistics show that people without a license don't drive as well and have accidents and everything else. We need to get this message to you to get your license.

In the written sentencing order, the court stated it had considered the sentencing factors set out in Iowa Code section 907.5 (2017). We find no abuse of discretion because we are able to discern the court's reasons for the sentence imposed. We therefore affirm.

**AFFIRMED.**