# IN THE COURT OF APPEALS OF IOWA

No. 20-1529
Filed December 15, 2021


**JOSEPH H. WRIGHT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


    Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.


    Joseph Wright appeals the summary dismissal of his third application for postconviction relief. **AFFIRMED.**



    Blake D. Lubinus, Minneapolis, Minnesota, for appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.



    Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

The district court dismissed Joseph Wright's third postconviction-relief (PCR) action, concluding his claims are time-barred under Iowa Code section 822.3 (2019).

"We ordinarily review summary dispositions of PCR applications for correction of errors at law. However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019) (citations omitted).

The legislature provided for summary disposition of PCR proceedings in Iowa Code section 822.6:

> 2. When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists.
> 3. The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

"The moving party bears the burden of showing the absence of a genuine issue of material facts." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). We apply summary judgment standards to the statute-of-limitations issue. *Id.* at 143.

The following facts are undisputed. Wright entered an *Alford* plea[1] to the charge of possession of a controlled substance with intent to deliver, and the court entered judgment and sentence on January 4, 2007. Wright appealed the conviction but voluntarily dismissed the appeal. Procedendo issued on May 29, 2007.

Wright filed his first PCR application on April 20, asserting his appellate counsel "said I didn't have grounds, since I plead[ed] guilty." He sought relief based in part on his claim, "Through a clerk error my preliminary hearing was waived." However, his amended PCR application omitted this basis. The State asked for summary disposition, which the court granted: "None of the applicant's claimed failings of his trial counsel pertain to the knowing or voluntary nature of the resulting guilty plea. They do not survive that plea, for purposes of [PCR]."

In November 2012, four years after the dismissal of his first application, Wright filed a second PCR application. An amended petition raised three grounds of ineffective assistance of counsel arising from the preliminary hearing, and a claim his first PCR attorney was ineffective. The State moved for summary dismissal asserting the claims were time-barred. Wright resisted, contending his claims had previously been foreclosed under then-existing law and had only been authorized with the Iowa Supreme Court's opinion in *State v. Carroll*, 767 N.W.2d 638 (Iowa 2009). On August 29, 2013, the PCR court granted summary disposition, agreeing *Carroll* was a new ground of law but concluding Wright had

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

failed to file the second PCR application within three years of the opinion's release and it was thus time barred.

Wright filed this third application on December 17, 2019. After amendment by counsel and a hearing at which Wright explained his trial counsel was ineffective in not addressing the lack of preliminary hearing, Wright asserted a claim of actual innocence, noting he had two witnesses who could now provide favorable evidence.

The court granted summary dismissal. The court addressed Wright's complaints about the lack of preliminary hearing:

> The right to a preliminary hearing is a conditional one. If the State files a trial information, there is no longer a right to a preliminary hearing. Here, had it been known that Mr. Wright had not, in fact, waived a preliminary hearing, the State could still have prevented such a hearing from taking place by filing a trial information. . . . [W]hen the State subsequently filed a trial information, the issue became moot.
> The court notes that the State's trial information was not filed within the timeframe outlined in [Iowa] Rule [of Criminal Procedure] 2.2(4). However, that is also not a sufficient basis for [PCR]. Mr. Wright could have filed a habeas corpus petition seeking to enforce his right to a preliminary hearing or the filing of a trial information, but the failure to comply with the time requirements of rule 2.2(4) cannot serve as the basis for dismissal. [*State v.*] *Rouse*, 290 N.W.2d [911,] 913 [(Iowa 1980)].

As for Wright's claim of actual innocence, the court ruled:

> Mr. Wright's freestanding actual innocence claim is that he has two witnesses who were abusing drugs at the time of his conviction but who are now clean and will attest to his innocence. The assertion that a witness's circumstances have changed such that a jury would be more receptive to the witness does not constitute a "newly discovered fact." It is not unusual that with the passage of time a potential witness may become more (or less) credible. This is not a valid basis for a new trial.
> The two witnesses at issue were both known to Mr. Wright at the time of his guilty plea. Mr. Wright, in conjunction with counsel, made the strategic decision that accepting a plea deal was preferable

to proceeding to trial in reliance on these witnesses. Mr. Wright acknowledged at the hearing that these witnesses' drug use would have likely rendered them ineffective had a trial occurred in 2007. He is not entitled to relief on the basis that they would be better witnesses now.

Wright appeals, contending he "has never had a meaningful review of any of his claims for relief." He continues to challenge the lack of preliminary hearing and contends his PCR attempts have been stymied by "various procedural and substantive rules." Wright also argues the PCR court improperly denied him an evidentiary hearing.

Section 822.3 requires most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." The "limitation does not apply" to claims based on "ground[s] of fact or law that could not have been raised within the" three-year period. Iowa Code § 822.3.

Wright's preliminary-hearing challenge alleges his trial counsel's ineffective assistance resulted in a procedural defect entitling him to vacation of his conviction. Wright previously challenged the lack of preliminary hearing in his second PCR action and may not relitigate the issue. *See* Iowa Code § 822.8.[2]

---

[2] Section 822.8 provides:

> All grounds for relief available to an applicant under [chapter 822] must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, *may not be the basis for a subsequent application* . . . .

(Emphasis added.)

Our supreme court recently recognized a freestanding actual-innocence postconviction claim in *Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018). This court has stated "'*Schmidt* is a new ground of law' sufficient to avoid the time bar of section 822.3." *Quinn v. State*, 954 N.W.2d 75, 76 (Iowa Ct. App. 2020) (citations omitted).

However,

> *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period. *See, e.g.*, *Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Apr. 3, 2019); *Bryant v. State*, No. 18-1038, 2019 WL 1300439, at *2 (Iowa Ct. App. Mar. 20, 2019), *further review denied* (May 16, 2019); *see also Brewbaker v. State*, No. 18-1641, 2020 WL 5944205, at *2 (Iowa Ct. App. Oct. 7, 2020) (finding reliance on *Schmidt* misplaced because, "[u]nlike *Schmidt*, [the applicant's] actual-innocence claim is not based on a newly discovered fact that could not have been discovered within the three-year time frame"). The new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period.

*Id.* at 77. Even accepting Wright's statements on their face—that previously known witnesses are now "clean" and could provide favorable testimony—there is no dispute the witnesses were known to him at the time of his plea. The district court did not err in concluding Wright's claims were time-barred as a matter of law.

**AFFIRMED.**