# IN THE COURT OF APPEALS OF IOWA

No. 22-1633
Filed August 30, 2023

**STEPHEN CRAIG LEONARD,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Clay County, Don E. Courtney,

Judge.


        Stephen Craig Leonard appeals the denial of his application for

postconviction relief.  **AFFIRMED.**


        Elizabeth K. Elsten, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee State.


        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Stephen Leonard appeals the district court's denial of his application for postconviction relief (PCR), contending his trial counsel was ineffective in advising him to waive trial by a jury, in failing to secure an expert witness, and in failing to depose one of the State's witnesses. Upon review, we affirm.

## I. Background Facts and Proceedings.

On August 22, 2018, Clay County Deputy Sheriff Heck served a civil summons on Leonard at his home. During this encounter, Heck stated he detected the smell of "raw marijuana" emanating from the residence and immediately applied for a search warrant. Upon grant of the warrant, authorities executed the search later that same night. An emptied pill bottle containing marijuana, a second bottle with marijuana residue, and marijuana seeds were found as a result. Leonard was later charged with possession of a controlled substance, marijuana, third or subsequent offense.

During the proceedings, Leonard filed two pro se pretrial motions: (1) to suppress the evidence obtained from the search and (2) for appointment of an expert witness to testify at a suppression hearing. He alleged evidence was obtained in violation of his constitutional rights; more specifically, he asserted the search warrant application and Deputy Heck's accompanying affidavit did not satisfy probable cause. The trial court denied both motions, determining that appointing an expert would deviate from the four corners of the warrant application and was not a necessity, and further determining that Deputy Heck's affidavit, combined with his qualifications and experience, were a sufficient basis for

probable cause. Following these pretrial motions, Leonard applied for court-appointed counsel, and trial counsel entered his appearance.

Leonard waived his right to a jury trial, and a trial on the minutes occurred on July 1, 2019. Leonard was ultimately convicted, and the conviction affirmed upon appeal. *See State v. Leonard*, No. 19-1863, 2020 WL 4201807, at *2 (Iowa Ct. App. Jul. 22, 2020). He promptly filed a PCR application, contending his trial counsel was ineffective in advising him to waive trial by a jury, in failing to secure an expert witness, and in failing to depose one of the State's witnesses. This application was denied and now comes before us on appeal.

## II. *Review.*

"We ordinarily review . . . PCR applications for corrections of errors at law." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019) (citations omitted). But because ineffective-assistance-of-counsel claims raise constitutional issues, we review the denial of PCR applications raising such claims de novo. *Id.*

## III. *Discussion.*

On appeal, Leonard contends his trial counsel was ineffective because he breached three essential duties: (1) counsel allowed a jury trial waiver that was not voluntary and intelligent, (2) counsel failed to reasonably investigate available defenses by not requesting an expert witness, and (3) counsel failed to depose a key witness, Deputy Heck. "To prevail on an ineffective assistance of counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (citation omitted) (describing the two-prong test for ineffective assistance of counsel claims set out in *Strickland v. Washington*, 466

U.S. 668, 687 (1984)).  Both elements must be proven for the claim to be successful.  *Id.*  For the first prong, we presume counsel performed competently unless proven otherwise by a preponderance of the evidence, measured objectively against the prevailing professional norms.  *Id.*  To establish the prejudice required for the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different."  *Id.* (citation omitted).  All issues were properly preserved and we address each in turn.

*A.  Waiver of Jury Trial.*

First, Leonard argues trial counsel failed to fully advise him of his right to a jury trial, resulting in a waiver that was not voluntary or intelligent.  Additionally, he contends trial counsel used coercion to obtain a jury trial waiver.  The right to a jury trial must be strictly observed absent a voluntary and intelligent waiver.  *See State v. Feregrino*, 756 N.W.2d 700, 705 (Iowa 2008); *see also* Iowa R. Crim. P. 2.17(1).  This requires both a written waiver and a court-conducted colloquy advising a defendant of their rights.  *Feregrino*, 756 N.W.2d at 705-06 (citing *State v. Liddell*, 672 N.W.2d 805 (Iowa 2003)).

Leonard underwent questioning on the record before the written waiver was accepted.  The district court found Leonard fully understood his rights and was motivated to waive them for strategic purposes.  Leonard's decision to waive was motivated by the ability to appeal the validity of the search warrant.  We agree with the district court that Leonard's waiver was voluntary and intelligent.  Trial counsel has no affirmative duty beyond the constitutional and statutory requirements to

ensure that the waiver is knowing, intelligent, and voluntary. Therefore, a breach of duty has not been established on this basis.

We also find no evidence of coercive tactics used to obtain a waiver. Leonard's reasoning for this claim is a statement made by trial counsel on the record: "I'm not going to show up here for a three-day jury trial when I know all that evidence is coming in, and for the most part know what the verdict is going to be." In contrast, the State counterargues that the statement was taken out of context. Instead, it was trial counsel's response when asked to explain his strategy for recommending a trial on the minutes. Absent additional evidence of coercion, Leonard similarly fails to satisfy his burden of establishing breach of an essential duty.

Even if Leonard had established breach, we find he has failed to establish prejudice. Despite later testimony at the PCR hearing that Leonard regretted the decision to waive a trial by jury, this is insufficient to establish actual prejudice, and his burden is similarly left unmet. We reject his ineffective-assistance challenge on this theory.

*B. Investigation and Expert Witness Testimony.*

Next, Leonard contends trial counsel failed to reasonably investigate and re-assert the suppression issue at trial. The test we use is based on "reasonable professional judgments" with "a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. The entirety of the circumstances is considered to make this determination. *Id.* Leonard asserts an expert was necessary to determine the human's ability to smell raw marijuana kept in a closed container in the rear of a residence. But State-expensed experts are only

appointed upon a showing of necessity, *see* Iowa R. Crim. P. 2.20(4), and we agree with the district court that no expert was necessary here. Leonard's arguments focus on the prior suppression ruling, not on trial counsel's alleged failures once appointed. There is no duty to raise issues without legal merit. *See State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009). As the suppression issue had been decided and preserved for later appeal, no other meritorious claims were left to be made. Moreover, because the decision to not request an expert was strategic, weight is given to trial counsel's reasonable professional judgment. *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2019) (citing *Carroll*, 767 N.W.2d at 645.). Leonard has not adequately established that his trial counsel breached an essential duty.

There is also no prejudicial impact. Leonard argues the suppression ruling determined the admissibility of the marijuana itself; its exclusion would then have an immediate effect on the case outcome and result in prejudice. But this issue was already preserved for appeal and introduction of an expert would likely not change the outcome. Therefore, Leonard's ineffective-assistance claim fails in this regard.

*C. Deposition of Deputy Heck.*

Leonard's final claim is that trial counsel was ineffective for failing to depose Deputy Heck, a key witness. He implies refusal to depose requires some affirmatively stated strategic purpose. Using the same *Strickland* analysis, we disagree. Whether to take a deposition is a strategy-grounded decision, primarily based on its utility at trial. *Kellogg v. State*, 288 N.W.2d 561, 564 (Iowa 1980). Leonard again fails to satisfy his burden. There is no pervasive duty by trial

counsel to defend their choice of strategy not to take a deposition. Rather, the exercise of judgment is given a "strong presumption" in our review. *Harrison*, 914 N.W.2d at 206 (citation omitted). Here, trial counsel employed professional reasoning in his decision to not take the deposition, and we give such a decision deferential weight. Accordingly, we find no breach of essential duty has been established. Further, actual prejudice cannot be found solely based on the lack of opposition at the suppression hearing, as determined previously. We therefore reject Leonard's third and final ineffective-assistance claim.

### IV. Disposition

Because Leonard failed to prove either breach of an essential duty by his trial counsel or prejudice, we find he did not establish ineffective assistance of counsel in connection with any of the three grounds asserted in this appeal. Accordingly, we affirm the district court's denial of Leonard's PCR application.

**AFFIRMED.**