# IN THE COURT OF APPEALS OF IOWA

No. 24-0063
Filed December 18, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CALEB JERMAINE WILLIAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Z. Ackley, Judge.

A defendant appeals the denial of his motion in arrest of judgment. **APPEAL DISMISSED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

"I was young and scared. I wanted to get on to the next step of me going home," and "I didn't understand the predicament it would put me in." This was why Caleb Williams said he signed a written guilty plea to four of the eight criminal charges[1] brought against him from a botched drug deal when he was seventeen years old. The district court denied Williams's motion in arrest of judgment, finding that he "was fully aware of what he was pleading to and what the consequences of the plea were" and sentenced him to concurrent terms of imprisonment.

On appeal, Williams claims the court abused its discretion in denying his motion in arrest of judgment because he "did not make an intelligent waiver of his rights when he signed the written plea of guilty." The State argues that Williams's appeal should be dismissed because "[d]iscretionary review is the proper vehicle for challenging the denial of a motion in arrest of judgment" and Williams "has not raised an issue worthy of discretionary review."

The State is correct that Williams does not have the right to a direct appeal from his guilty plea to non-class "A" offenses. Iowa Code § 814.6(1)(a)(3) (2022). The State is also correct that Iowa Code section 814.6(2)(f) allows discretionary review from an "order denying a motion in arrest of judgment," and we may proceed as though the proper form of review had been requested. *See* Iowa R. App. P. 6.151(1); *see also State v. Richardson*, No. 22-2041, 2023 WL 7391802, at *1

---

[1] Williams pled guilty to going armed with intent, reckless use of a firearm, possession of a loaded firearm by a minor, and fourth-degree theft, in exchange for the State's dismissal of charges for carrying weapons, assault while using or displaying a dangerous weapon, being a person ineligible to carry dangerous weapons, and first-degree harassment.

(Iowa Ct. App. Nov. 8, 2023) (stating "an application for discretionary review is the appropriate vehicle" to challenge the denial of a motion in arrest of judgment). But for discretionary review to be available under section 814.6(2)(f), the motion in arrest of judgment must be based "on grounds other than an ineffective assistance of counsel claim." And that is where Williams runs into a roadblock.

Williams argues that he did not intelligently waive his rights—despite a written guilty plea with twenty-nine paragraphs that he initialed—because defense counsel did not adequately review that document with him or advise him about the consequences of his plea. *See State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009) (noting a defendant can "challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases"). Because Williams is claiming that counsel was ineffective, we cannot grant discretionary review under section 814.6(2)(f). And we no longer have authority to consider ineffective-assistance claims on direct appeal. *See* Iowa Code § 814.7; *State v. Walker*, No. 23-0021, 2023 WL 8801627, at *1 (Iowa Ct. App. Dec. 20, 2023) (noting ineffective-assistance claims must now "await postconviction relief").

For these reasons, we conclude that Williams's appeal must be dismissed.

**APPEAL DISMISSED.**