# IN THE COURT OF APPEALS OF IOWA

No. 24-0445
Filed May 21, 2025

**CHLOE PAIGE CLARK,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

An applicant appeals the denial of postconviction relief from her simple-misdemeanor conviction for fifth-degree criminal mischief. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

Chloe Clark was stopped riding in her ex-boyfriend's car after he reported it—and other items taken from his home—stolen in March 2020. She was charged with two class "D" felonies—third-degree burglary and second-degree theft—and a simple misdemeanor—fifth-degree criminal mischief. And she eventually pleaded guilty to only fifth-degree criminal mischief and received a fine-only sentence. As part of the plea agreement, the two felony charges were dismissed.

After sentencing, Clark promptly paid her fines and restitution. And she did not appeal her conviction. Then about five months later—and continuing over the next year—she filed a series of requests to expunge her record that were all denied by the district court. As she eventually testified, she "applied at multiple jobs and they said they won't hire someone with vandalism."

So she then brought this petition for postconviction relief alleging that she received ineffective assistance of counsel because her counsel failed to ensure her plea to the criminal-mischief charge was knowing and voluntary.[1] At the postconviction-relief trial, she testified that her counsel told her she was pleading guilty to "littering" and that she did not understand the actual criminal-mischief charge.[2] Her mother testified similarly. But her counsel testified to the contrary— that he did not tell her she was pleading guilty to littering or even that criminal

---

[1] Clark also unsuccessfully claimed that she was actually innocent of fifth-degree criminal mischief. But she does not appeal the denial of that claim.

[2] Criminal mischief is defined as "[a]ny damage, defacing, alteration, or destruction of property . . . when done intentionally by one who has no right to so act." Iowa Code § 716.1 (2020). Fifth-degree criminal mischief is the catch-all level of the offense for all conduct that "is not criminal mischief in the first degree, second degree, third degree, or fourth degree," which is generally when the conduct causes damages of $300 or less. *Id.* § 716.6(2); *see also id.* § 716.6(1)(a)(1).

mischief was "along the lines of littering or something like that." He also testified that he explained the criminal mischief charge, did not recall her expressing any concerns, and believed that she understood the guilty plea. The district court found that Clark failed to prove her counsel "violated any fundamental duty toward Clark in his representation of her," noting the conflicting testimony and Clark's initial satisfaction with the resolution of the case.

Criminal defendants are constitutionally entitled to assistance of counsel. *See* U.S. Const. amend. VI; Iowa Const. art. I, § 10. We give force to that constitutional demand by requiring counsel to provide effective assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). And criminal defendants who believe their defense counsel fell below the constitutional floor may petition for postconviction relief. *See* Iowa Code § 822.2(1)(a) (2023). To prove ineffective assistance, a defendant must show *both* that "(1) counsel failed to perform an essential duty and (2) prejudice resulted." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). We review the postconviction court's ruling on ineffective-assistance issues de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Because the failure to prove either prong is fatal, we can affirm a denial of an ineffective-assistance-of-counsel claim based on either prong. *See id.* at 870. We elect to focus on the prejudice prong. "In the context of a guilty plea, an applicant for postconviction relief must prove a reasonable probability that, but for counsel's alleged errors, he or she would not have pled guilty and would have insisted on going to trial." *Carroll*, 767 N.W.2d at 641 (cleaned up). "The probability of a different result must be sufficient to undermine confidence in the

outcome." *Id.* (cleaned up). And the applicant "must proffer more than his or her own subjective, self-serving testimony." *Dempsey*, 860 N.W.2d at 869.

Clark has failed to establish prejudice here. Her counsel negotiated a plea deal that dismissed two felony charges—exposing her to a total prison sentence of ten years and a felony criminal record—in return for plea to a simple misdemeanor. She claims her counsel told her that the simple misdemeanor was a littering offense and that she would not have accepted the plea deal if she had understood that she was pleading to fifth-degree criminal mischief, which she describes as vandalism. But other than the self-serving testimony of Clark and her mother, we see no other corroborating evidence to support this claim.

For starters, all written records in Clark's criminal case accurately recount her fifth-degree-criminal-mischief charge and conviction and lack any reference to littering. Clark's plea agreement was quite favorable, and we see no reasonable probability that Clark would have rejected the agreement and insisted on going to trial on all three offenses if she had better understood the precise simple misdemeanor to which she was pleading guilty. *See* Iowa Code § 455B.364 (making littering a simple misdemeanor). What's more, Clark's conduct for the first five months after her sentencing shows satisfaction with her guilty plea and counsel's assistance rather than any concern. *See Dempsey*, 860 N.W.2d at 873 (looking to the timing of the assertion of the ineffective-assistance-of-counsel claim to assess whether counsel's conduct was actually the cause of the guilty-plea decision). And it was only once she began to experience some related adverse consequences from how potential employers viewed her conviction that her concerns arose. This record does not meet Clark's burden to prove prejudice.

On appeal, Clark argues that her pursuit of this postconviction relief proceeding—and willingness to "risk[] undoing her plea bargain if she succeeded"—establishes prejudice.  But accepting the mere assertion of an ineffective-assistance-of-counsel claim as proof of prejudice in the guilty-plea context would eviscerate that requirement.  She also tries to avoid the negative inference we have drawn about her lack of appeal by contending she asked her attorney to appeal and he refused.  But given the attorney's contrary credible testimony, we find that further self-serving testimony not convincing.

Because Clark failed to prove a reasonable probability that she would not have pleaded guilty but for her counsel's alleged errors, her ineffective-assistance-of-counsel claims fails.  The district court correctly denied her application for relief.

**AFFIRMED.**